[L. A. No. 26650.   In Bank.   June 4, 1962.]

EVERT L. HAGAN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; MARY H. LAMB, Real Party in Interest.

Evert L. Hagan, in pro. per., for Petitioner.

No appearance for Respondent.

William M. De Falla for Real Party in Interest.

PETERS, J.—This is a proceeding in mandamus, by petitioner Evert L. Hagan, to compel the real party in interest, Mary H. Lamb, to answer certain questions asked her on a deposition after the trial court had denied relief. The case comes to us after the second denial by the District Court of Appeal of the application. This court granted a hearing, and issued an alternative writ. The return to that writ, filed by the real party in interest, calls attention to certain facts which, it is urged, demonstrate that the District Court of Appeal acted well within its discretion in denying the second application. We agree with this contention.

The facts are as follows: In 1955, Hagan, acting for himself and as agent for one Mangus, purchased certain mining claims from Mr. and Mrs. Lamb. Hagan, claiming fraud, brought an

action against the Lambs in the Los Angeles Municipal Court, and recovered default judgments against both of them. Mrs. Lamb then instituted an action in the Los Angeles Superior Court to have the default judgment as against her set aside. In that action she is apparently contending that she was not validly served, that she was unaware of the suit, and that she is not legally responsible for the fraud of her husband.

In Mrs. Lamb's action Hagan took her deposition. She was asked a series of questions by which, in general, Hagan hoped to prove that Mrs. Lamb was, in fact, a business partner of Mr. Lamb, and that she had actual knowledge of Hagan's action against her and her husband before their defaults were taken. Mrs. Lamb, after objections by her counsel and upon his advice, refused to answer many of these questions. Hagan moved, in the trial court, to compel answers to these questions. The motion was denied, and Hagan petitioned the District Court of Appeal for a writ of mandate. This petition, according to the return, was denied, without opinion, on September 21, 1961. No further action was taken in the trial court, no petition for hearing was filed in this court, nor was any other procedure instituted to test that ruling. Thus this denial by the appellate court became final. Thereafter, on November 10, 1961, some 50 days after the first petition had been denied, petitioner filed in the appellate court a second petition identical with the one which had been denied on September 21, 1961. This second petition sought review by mandate of the same order of denial involved in the first petition. This second petition was denied, without opinion, on November 16, 1961. The petition for hearing was then filed with this court. It can be and is argued by Mrs. Lamb that the filing of this second identical application for the writ was an abuse of the writ of mandate, and that such abuse constituted a valid ground for the denial of the writ by the District Court of Appeal. With this contention we agree.

■ In the absence of unusual or changed circumstances, courts should not permit reconsideration of determinations long since final. ■ It is, of course, well settled, that after the intermediate court has denied an application for an original writ, proper procedure prohibits the filing of an original application in this court, even though this court, in the constitutional sense, has jurisdiction to entertain such an application. The losing party is required to petition this court for a hearing after the original denial. If he does not, this court

will not, normally, consider the original application filed with it. (*Paige Co. of N. Cal.* v. *Superior Court,* 194 Cal. 795 [231 P. 344]; *Trenouth* v. *Superior Court,* 193 Cal. 330 [223 P. 951]; *Obenchain* v. *Superior Court,* 187 Cal. 419 [202 P. 132].)

This rule is applicable, by analogy, to the attempt to secure a second hearing of an identical petition, in the same court. Here, the first denial was filed on September 21, 1961. There being no opinion, that denial, as to that court, became final on that day (Rules on Appeal, rule 24, subd. (a)). Petitioner had 10 days to petition this court for a hearing (Rules on Appeal, rule 28, subd. (b)). This procedure was not followed. Instead petitioner waited 50 days, and then refiled substantially the identical application with the District Court of Appeal. By this repetitive process petitioner is attempting to secure an unwarranted extension of the time in which to petition this court for a hearing. Certainly, the District Court of Appeal acted well within its discretion in denying the second application, particularly in a pretrial discovery case. The basic purpose of pretrial discovery, of which the taking of depositions is a part, is to expedite pending litigation (*Greyhound Corp.* v. *Superior Court,* 56 Cal.2d 355 [15 Cal.Rptr. 90, 364 P.2d 266]). By repetitious applications for a review of the same order this beneficent purpose would be thwarted. If identical petitions can be filed twice they can be filed many times.

Of course, the first denial did not deprive the appellate court of jurisdiction to consider the second application nor was it res judicata of the merits of the controversy there involved. The rule is well settled that a denial by this or the appellate court of an application for a writ without opinion "is not res judicata of the legal issues presented by the application unless the *sole possible* ground of the denial was that the court acted on the merits, or unless it affirmatively appears that such denial was intended to be on the merits." (*McDonough* v. *Garrison,* 68 Cal.App.2d 318, 325 [156 P.2d 983]; see also *Funeral Directors Assn.* v. *Board of Funeral Directors & Embalmers,* 22 Cal.2d 104 [136 P.2d 785]; *Confidential, Inc.* v. *Superior Court,* 157 Cal.App.2d 75, 78 [320 P.2d 546]; 3 Witkin, Cal. Procedure (1954) p. 2550.) For this reason, the second application to the District Court of Appeal was not barred by the doctrine of res judicata, so far as the merits are concerned. But, in the orderly administration of justice, and in support of a sound judicial policy, a

court, in the absence of unusual or changed circumstances, neither of which is here present, is justified, in its discretion, in refusing to consider repetitive applications of the same petition. (See *Waidley* v. *Superior Court,* 51 Cal.App.2d 690, 692 [125 P.2d 507].) ▆▆▆ Thus, it now appears, that the District Court of Appeal, in order to prevent a circumvention of the time limitations on petitions for hearing and to prevent a perversion of discovery procedures, acted well within its discretion in denying the second application. This court should not interfere with the exercise of that discretion. For that reason the application for the writ should be denied.

The alternative writ is discharged, and the application for the peremptory writ is denied.

Gibson, C. J., Traynor, J., Schauer, J., White, J., and Dooling, J., concurred.

McComb, J., concurred in the judgment.