Horten J. M. **MELARO**, Appellant,

v.

Matthew N. **MEZZANOTTE** et al., Appellees.

No. 19100.

United States Court of Appeals District of Columbia Circuit.

Argued May 28, 1965.

Decided Oct. 14, 1965.

Mr. B. Austin Newton, Washington, D. C., with whom Mr. Wesley E. McDonald, Washington, D. C., was on the brief, for appellant.

Mr. Reuben Bonnett, Washington, D. C., for appellees.

Before BAZELON, Chief Judge, BASTIAN, Senior Circuit Judge, and McGOWAN, Circuit Judge.

BAZELON, Chief Judge.

Appellant brought this suit in the District of Columbia for damages resulting from breach of an alleged contract for the sale of land situated in the State of Maryland. The District Court dismissed on the ground that the judgment of the Maryland court in Melaro v. Fort Washington Estates, Inc., Equity No. B–8678, was *res judicata*. We reverse.

 In the Maryland suit, appellant sued Fort Washington Estates, an appellee here, for specific enforcement of the alleged contract. Maryland, unlike the District of Columbia, retains the distinction between law and equity. Since the object of the suit was specific performance, it was only necessary that the contracting owner of the land, Fort Washington Estates, be a party defendant. As far as appears from the record, neither Matthew N. Mezzanotte nor Mezzanotte & Company, selling agents for Fort Washington Estates and appellees here, was named as a party in the Maryland equity action.

 Upon a demurrer to the bill, the Maryland court, after reviewing the evidence before it, held that the contract was not sufficiently definite to allow specific performance.[1] The court did not pass on the validity of the contract[2] or upon the right to damages, although damages may be available when a contract is too indefinite for specific performance. Wills v. Young, 255 F.2d 65 (3d Cir. 1958). Thus, the Maryland suit was dismissed for unavailability of equitable relief and not on the merits of any claim for damages.

1. The opinion reads:
 "The Court doesn't feel on that basis there is anything to go on here which would be of any *definiteness* to direct specific enforcement. * * * We feel that the demurrer must be sustained, and we do so now." [Emphasis supplied.]
 To be specifically enforceable, a contract must be clear, definite, certain and complete. Standard American Homes, Inc. v. Pasadena Bldg. Co., 218 Md. 619, 147 A.2d 729 (1959); and see, generally, 49 AM.JUR., Specific Performance, § 22, 81 C.J.S. Specific Performance § 31.

2. If the court meant to say that there was no contract at all, then its decision is clearly ambiguous. A judgment the basis of which is ambiguous is not *res judicata*. Philpot v Minton, 370 S.W.2d 402 (Ky. 1963); Hagan v. Superior Court, 57 Cal. 2d 767, 22 Cal.Rptr. 206, 371 P.2d 982 (1962); and see 50 C.J.S. Judgments § 627.

722

Maryland law governs appellees' claim that the denial of equitable relief bars a later suit for damages. Reiter v. Universal Marion Corp., 112 U.S.App.D. C. 68, 299 F.2d 449 (1962). The Maryland Court of Appeals has held that if a plaintiff is successful in a suit for specific performance in which he has failed to claim any additional damages, such claim is barred in a subsequent action at law.[3] The interests of judicial efficiency and the need to protect defendants from harassment dictate that complete relief be sought in one suit. Although the Maryland court in the present case did not grant equitable relief, a subsequent claim for damages would nevertheless be barred if the court could have been required to consider such a claim.[4] But whether Maryland law requires such consideration is unclear.

In 1959, the Maryland Court of Appeals stated that a party seeking specific performance could present a claim for damages as an independent or an alternative claim. The equity court would then be required to decide both questions.[5] A few months later, however, the court held that actions at law and suits in equity could not be joined in one proceeding.[6] The confusion was compounded in 1962 when it was held that equity might in a proper case grant monetary damages in addition to or in lieu of equitable relief only if a case for equitable relief were first established.[7] This rule was said to apply even when specific performance was the equitable relief sought.[8]

Appellees' claim of *res judicata* depends on a determination that appellant had a clear right to litigate his damage claim in the prior equity suit.[9] The status of Maryland law precludes such a finding. Therefore, we hold that the appellant's claim for damages should now be tried. We, of course, express no opinion on its merits.

Reversed.

---

3. Walzl v. King, 113 Md. 550, 77 A. 1117 (1910).

4. See FREEMAN ON JUDGMENTS, Vol. 2, § 593, pp. 1250–1252 (5th ed.).

5. Standard American Homes, Inc. v. Pasadena Bldg. Co., 218 Md. 619, 147 A.2d 729 (1959); *accord*, Moore v. McAllister, 216 Md. 497, 141 A.2d 176 (1958); Shipley v. Meadowbrook Club, Inc., 211 Md. 142, 151, 126 A.2d 288, 292 (1956).

6. Osborn v. Swetnam, 221 Md. 216, 156 A.2d 654 (1959).

7. Allview Acres, Inc. v. Howard Inv. Corp., 229 Md. 238, 182 A.2d 793 (1962).

8. Id., 229 Md. at 247, n. 3, 182 A.2d at 798; *accord*, Linthicum v. Washington, B & A Electric R. Co., 124 Md. 263, 92 A. 917 (1914); 49 AM.JUR., Specific Performance, § 173; *contra*, 81 C.J.S. Specific Performance § 163b.

9. Pappas v. Courembis, 82 A.2d 757 (D.C. Mun.App.1951); 50 C.J.S. Judgments § 837.