[No. S024012. Nov. 5, 1992.]

KEENAN KOWIS, Plaintiff and Respondent, v.
THORNTON M. HOWARD et al., Defendants and Appellants;
MARYLAND CASUALTY COMPANY, Intervener and Respondent.

COUNSEL

Frank E. Noble for Defendants and Appellants.

George P. Andreos for Plaintiff and Respondent.

McCormick & Mitchell, Robert D. Baker and Konarad M. Rasmussen for Intervener and Respondent.

OPINION

ARABIAN, J.—We are called upon to decide when, if ever, summary denial of a pretrial petition for extraordinary relief establishes law of the case precluding reconsideration of the issue on appeal following final judgment. We conclude that the denial of a writ petition does not establish law of the case unless the denial is accompanied by a written opinion following the issuance of an alternative writ.

### I. FACTS

Plaintiff Keenan Kowis sued Malk, Ltd., and its sole shareholder, Thornton M. Howard (collectively defendant), for damages allegedly suffered when plaintiff slipped on a patch of oil on property owned by defendant. Maryland Casualty Company intervened. During the course of the litigation, plaintiff served defendant with a request to admit (1) that plaintiff was injured when he slipped on defendant's property, (2) that plaintiff injured his lower back as a result of the fall, (3) that defendant was negligent in not inspecting the property, and (4) that defendant's negligence was a proximate

cause of plaintiff's injuries. After defendant failed to respond timely, plaintiff moved for an order that the request for admissions be deemed admitted. The motion was granted.

Defendant obtained a new attorney, and moved for relief from the order on the basis of the first attorney's neglect. The motion was denied. Defendant then filed a petition for writ of mandate in the Court of Appeal contending the trial court abused its discretion in denying the motion for relief. The Court of Appeal denied the petition with the following order: "The petition for writ of mandate and request for stay and the opposition have been read and considered by Presiding Justice Kremer and Justices Wiener and Huffman. The petition is denied. (*Carroll* v. *Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892 [187 Cal.Rptr. 592, 654 P.2d 775].)"

The case proceeded to trial. Since the court accepted the admissions as conclusive on the question of liability, trial was limited to the issue of damages. The jury, by special verdict, found negligence on both sides, and fixed the total amount of damages at $210,000. It allocated 21 percent of the fault to defendant and the remaining fault to plaintiff.

Defendant appealed. He reiterated the contention raised in the pretrial mandate proceeding that the trial court abused its discretion in denying the motion for relief. A different panel of the same division of the Court of Appeal held that the earlier denial of the petition for writ of mandate "was clearly on the merits," and thus found itself precluded from reconsidering the issue by the doctrine of law of the case. It rejected defendant's remaining contention, and affirmed the judgment. A dissenting justice disagreed that the denial of the writ petition established law of the case, and, as to the merits, would have reversed the judgment.

We granted review on the question whether the Court of Appeal erred in applying the law of the case doctrine based on a summary denial of an earlier petition for writ of mandate. We now reverse.

## II. DISCUSSION

### A. *Background*

As noted above, the Court of Appeal did not decide the merits of defendant's contention that the trial court erred in denying relief from the order deeming the request for admissions admitted. It considered itself bound under the doctrine of law of the case by the decision of a different panel which denied a pretrial writ petition raising the same issue. ■ The law

of the case doctrine states that when, in deciding an appeal, an appellate court "states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal . . . , and this although in its subsequent consideration this court may be clearly of the opinion that the former decision is erroneous in that particular." (*Tally* v. *Ganahl* (1907) 151 Cal. 418, 421 [90 P. 1049]; accord, *Clemente* v. *State of California* (1985) 40 Cal.3d 202, 211 [219 Cal.Rptr. 445, 707 P.2d 818], and *People* v. *Shuey* (1975) 13 Cal.3d 835, 841 [120 Cal.Rptr. 83, 533 P.2d 211].)[1]

The question we explore is—when does the doctrine apply to pretrial writ proceedings? To place the issue in perspective, we first briefly explain the procedure an appellate court follows in deciding pretrial writs. ■ When a party files a petition for writ of mandate or prohibition (for our purposes, the two are indistinguishable), the court may proceed in one of three ways.

First, it may deny the petition summarily, either immediately, or after receiving and considering opposition. Such a denial becomes final immediately as to that court. (Cal. Rules of Court, rule 24(a); see *Bay Development, Ltd.* v. *Superior Court* (1990) 50 Cal.3d 1012, 1023-1024 [269 Cal.Rptr. 720, 791 P.2d 290].)

Second, the court may, "upon ascertaining that the petition is in proper form and states a basis for relief, issue an alternative writ which commands the respondent to act in conformity with the prayer of the petition or, alternatively, show cause before the Court of Appeal why it should not be ordered to so act. The respondent may choose to act in conformity with the prayer, in which case the petition becomes moot; otherwise, the respondent and/or the real party in interest may file a written return setting forth the factual and legal bases which justify the respondent's refusal to do so. The matter is then a 'cause' to be decided in 'writing with reasons stated' . . . . The issues joined by the petition and return must therefore be decided by the Court of Appeal in a written opinion. If the court concludes that a peremptory writ of mandate should be granted, the opinion will direct that it issue. If not, the petition will be denied." (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-178 [203 Cal.Rptr. 626, 681 P.2d 893] (*Palma*), citations and footnotes omitted.)

Third, upon proper notice, the court is authorized by Code of Civil Procedure section 1088 to *issue* a peremptory writ in the first instance.

---

[1]The rule is subject to exceptions not relevant here, and which we do not consider further. (See *Clemente* v. *State of California, supra,* 40 Cal.3d at p. 212; *Searle* v. *Allstate Life Ins. Co.* (1985) 38 Cal.3d 425, 434-435 [212 Cal.Rptr. 466, 696 P.2d 1308].)

(*Palma, supra,* 36 Cal.3d at p. 178.) As we explained in *Palma,* "the decision to grant a peremptory writ, unlike the summary denial of a petition seeking a writ, is determinative of a 'cause' "; thus "the order directing that it issue must . . . 'be in writing with reasons stated.' " (*Id.* at p. 178, fn. 6, citing Cal. Const., art. VI, § 14.)

Here, the Court of Appeal followed the first course; after obtaining and considering opposition, it summarily denied the petition with a brief supporting statement. It issued neither an alternative writ nor a peremptory writ in the first instance. Thus, it did not decide a cause. (See also *People* v. *Medina* (1972) 6 Cal.3d 484, 490 [99 Cal.Rptr. 630, 492 P.2d 686] ["It is settled that an appellate court's action denying without opinion a petition for a writ of mandate or prohibition is not the determination of a 'cause' requiring oral argument and a written opinion."].)

B.   *Pretrial Writs and Law of the Case: the General Rule*

■   It is clear that the law of the case doctrine can apply to pretrial writ proceedings. When the appellate court issues an alternative writ, the matter is fully briefed, there is an opportunity for oral argument, and the cause is decided by a written opinion. The resultant holding establishes law of the case upon a later appeal from the final judgment. (*Palma, supra,* 36 Cal.3d at p. 182; *Price* v. *Civil Service Com.* (1980) 26 Cal.3d 257, 267, fn. 5 [161 Cal.Rptr. 475, 604 P.2d 1365].) That is not disputed, and it is not at issue here.

By contrast, it is the rule, at least in general, that the doctrine does not extend to summary denials of writ petitions. In *People* v. *Medina, supra,* 6 Cal.3d at pages 488-493, we held that the summary denial of a pretrial writ after the trial court denied a motion to suppress evidence did not constitute law of the case for purposes of a later appeal from the final judgment. The issue turned on the proper interpretation of Penal Code section 1538.5. Although the holding is therefore not directly applicable here, our analysis is instructive:

"Important incidents of the right to appeal from a superior court's judgment are the right to present oral argument in the appellate court [citations] and the right to a written opinion pursuant to the state constitutional requirement that 'Decisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated.' (Cal. Const., art. VI, § 14.) . . . [¶] It is settled law that an appellate court's action denying without opinion a petition for a writ of mandate or prohibition is not the determination of a 'cause' requiring oral argument and a written opinion. . . . Only when the appellate court issues an alternative writ or order to

show cause does the matter become a 'cause' which is placed on the court's calendar for argument and which must be decided 'in writing with reasons stated.' [Citation.]" (*People* v. *Medina, supra,* 6 Cal.3d at pp. 489-490; see also *Resource Defense Fund* v. *Local Agency Formation Com.* (1983) 138 Cal.App.3d 987, 989, fn. 3 [188 Cal.Rptr. 499]; *People* v. *Clark* (1971) 17 Cal.App.3d 890, 894, fn. 1 [95 Cal.Rptr. 411]; cf. *People* v. *Pacini* (1981) 120 Cal.App.3d 877, 882-887 [174 Cal.Rptr. 820] [summary denial of petition for writ of habeas corpus does not establish law of the case].)

A short statement or citation explaining the basis for the summary denial does not transform the denial into a decision of a cause entitled to law of the case effect. As one court has explained: "[O]ur former denial of a petition for a writ of prohibition to stop the inquiry below was a summary denial without issuance of an order to show cause and without oral argument. While it is true that the court accompanied the summary denial with an explanatory comment, we do not regard that comment as a formal opinion (Cal. Const., art. VI, § 14) precluding this court from considering the issue anew upon this hearing at which the parties have had an opportunity to brief and argue the case in full. [Citations.] One important incident to the right to appeal from a superior court's judgment is the right to present oral arguments before the appellate court. [Citations.] This right was denied petitioners in their prior petition for a writ of prohibition. We conclude that the absence of that right and the nature of the memorandum rendered, together with the fact we did not have the full record before us, precludes the application of principles which would prevent this court from full consideration of the issues at this time." (*Rosato* v. *Superior Court* (1975) 51 Cal.App.3d 190, 230-231 [124 Cal.Rptr. 427]; see also *People* v. *Getty* (1975) 50 Cal.App.3d 101, 106-107, fn. 3 [123 Cal.Rptr. 704] [refusing to give law of the case effect to a denial accompanied by a brief statement of reasons and citation to authority when there was "no opportunity for oral argument, an important incident of the right to appeal"].)

This authority suggests that a denial of a writ petition without issuance of an alternative writ and opportunity for oral argument can never establish law of the case. There is, however, a line of cases implying, and one case holding, that such a denial *can* establish law of the case in certain situations. █ Plaintiff argues that these cases establish what he calls the "sole possible ground" exception to the general rule, and claims the Court of Appeal correctly applied the exception here. We turn to a consideration of that contention.

C. *Origins of the "Sole Possible Ground" Rule*

In *Hagan* v. *Superior Court* (1962) 57 Cal.2d 767, 770 [22 Cal.Rptr. 206, 371 P.2d 982], we stated: "The rule is well settled that a denial by this or the

appellate court of an application for a writ without opinion 'is not res judicata of the legal issues presented by the application unless the *sole possible* ground of the denial was that the court acted on the merits, or unless it affirmatively appears that such denial was intended to be on the merits.' " (Quoting *McDonough* v. *Garrison* (1945) 68 Cal.App.2d 318, 325 [156 P.2d 983], italics in *McDonough*.)

This language has two components: (1) the general rule that a summary denial does not establish law of the case; and (2) an implication that if a summary denial is on the merits, either because there is no other possible ground or because it affirmatively appears that the denial was intended to be on the merits, then it comes within an exception to the general rule, and establishes law of the case. The Court of Appeal here relied on the second component. It found that the earlier denial "was clearly on the merits," and thus came within the exception. We agree with the first of these components: the general rule is "well settled." Summary denials do not establish the law of the case. But the implication that there is an exception when the denial is on the merits is far from well settled.

The language implying the "sole possible ground" exception first appeared in *McDonough* v. *Garrison, supra,* 68 Cal.App.2d at page 325. The *McDonough* court analyzed two earlier decisions of this court (*Funeral Dir. Assn.* v. *Bd. of Funeral Dirs.* (1943) 22 Cal.2d 104 [136 P.2d 785]; *State Bd. of Equalization* v. *Superior Court* (1942) 20 Cal.2d 467 [127 P.2d 4]), and concluded that "If there is any other possible ground other than the merits upon which the denial of the petition for a writ could have been based, such denial is not res judicata of the merits in a subsequent proceeding." (*McDonough*, at p. 327.) However, all three of these cases, *McDonough, Funeral Dir. Assn.*, and *State Bd. of Equalization*, found the law of the case doctrine did *not* apply to the denial at issue. Thus, the general rule precluding law of the case was the holding; any implication that there is an exception when the denial is necessarily on the merits was dictum.

The "sole possible ground" language of *McDonough* v. *Garrison, supra,* 68 Cal.App.2d 318, has since been cited many times, beginning in this court with *Hagan* v. *Superior Court, supra,* 57 Cal.2d at page 770. (E.g., *Consumers Lobby Against Monopolies* v. *Public Utilities Com.* (1979) 25 Cal.3d 891, 901, fn. 3 [160 Cal.Rptr. 124, 603 P.2d 41]; *Friends of Mammoth* v. *Board of Supervisors* (1972) 8 Cal.3d 247, 268-269 [104 Cal.Rptr. 761, 502 P.2d 1049]; *People* v. *Medina, supra,* 6 Cal.3d at p. 491, fn. 6; *Asbestos Claims Facility* v. *Berry & Berry* (1990) 219 Cal.App.3d 9, 18 [267 Cal.Rptr. 896]; *Donia* v. *Alcoholic Bev. etc. Appeals Bd.* (1985) 167 Cal.App.3d 588, 594 [213 Cal.Rptr. 447]; *People* v. *Pipes* (1960) 179 Cal.App.2d 547, 551-552 [3

Cal.Rptr. 814]; *Confidential, Inc.* v. *Superior Court* (1958) 157 Cal.App.2d 75, 78-79 [320 P.2d 546].) However, these cases have one important feature in common: although all imply the exception, none apply it. Each ultimately concluded that the law of the case doctrine did *not* apply to a denial of a petition for writ for mandate or prohibition.[2] Thus, in these cases also, the statement of the general rule is the holding; any suggestion of an exception is dictum.

One case *does* find law of the case in circumstances similar to this. In *Richer* v. *Superior Court* (1976) 63 Cal.App.3d 748 [134 Cal.Rptr. 52], the court, although not citing the "sole possible ground" rule, effectively applied it. There, the appellate court denied a petition for a writ of prohibition by an order reciting that the court had read and considered the pertinent documents, and stating: "It appearing that the record supports the implied finding of the trial court that the superior court action was filed for purpose of delay, the petition is denied." (*Id.* at p. 753.) In a later mandate proceeding, the Court of Appeal analyzed the order and the events preceding it, and found that its "denial was a decision on the merits." (*Id.* at p. 755.) It thus gave law of the case effect to the denial: "It is true that this court denied [the] petition for writ of prohibition without issuance of alternative writ or order to show cause, but no mere minute order denying the application was entered, rather, one giving a 'statement of the reasons' for the decision to deny the petition was entered which constituted the denial a conclusive determination on the merits." (*Id.* at p. 756.) The court concluded that if the party who filed the original writ "was dissatisfied [with the denial order] she should have applied to the California Supreme Court for a hearing . . . ." (*Id.* at pp. 757-758.)

D.   *The "Sole Possible Ground" Rule Analyzed*

Are the dicta of the above cases, and the holding of *Richer* v. *Superior Court, supra,* 63 Cal.App.3d 748, correct? Does a summary denial of a writ petition establish law of the case when the "sole possible" ground of decision is on the merits? We conclude that the answer is no. When the court denies a writ petition without issuing an alternative writ, it does not take jurisdiction over the case; it does not give the legal issue full plenary review. A summary denial does not decide a "cause" (*Palma, supra,* 36 Cal.3d at p. 178 & fn. 6; *People* v. *Medina, supra,* 6 Cal.3d at p. 490), and should therefore not be given law of the case effect. Sound policy reasons also support this conclusion.

---

[2] *Consumers Lobby Against Monopolies* v. *Public Utilities Com., supra,* 25 Cal.3d 891, did give law of the case effect to a previous ruling involving the Public Utilities Commission. In so doing, however, it carefully distinguished that case from "cases involving the prerogative writs such as prohibition and mandate." (*Id.* at p. 901, fn. 3.)

In deciding this question, "Procedure and not jurisdiction is involved." (*England* v. *Hospital of Good Samaritan* (1939) 14 Cal.2d 791, 795 [97 P.2d 813]; accord, *Searle* v. *Allstate Life Ins. Co., supra,* 38 Cal.3d at p. 435.) "The primary purpose served by the law-of-the-case rule is one of *judicial economy.*" (*Searle* v. *Allstate Life Ins. Co., supra,* 38 Cal.3d at p. 435, italics added.) The rule we adopt should thus serve to preserve scarce judicial resources. It should draw a bright line and be of certain application. The firm rule that a denial without an alternative writ and written opinion does not establish law of the case is clear and would rarely, if ever, cause uncertainty.

The "sole possible ground" exception leads to unnecessary litigation. If each summary denial must be parsed to determine if it was necessarily on the merits, or if there was some other possible explanation, uncertainty results. The parties would often be uncertain whether a denial established law of the case until the appellate court decided the question during the later appeal. Such uncertainty could often be unfair as well as inefficient. As *Richer* v. *Superior Court, supra,* 63 Cal.App.3d at pages 757-758, bluntly states, a party dissatisfied with a denial that establishes law of the case must immediately petition this court for review or forever lose the issue; if the denial does not establish law of the case, the parties can await a later appeal to present that and all other issues to this court. A party should not have to predict whether a pretrial order later will be given law of the case effect at the risk of losing the opportunity to obtain review from this court if its prediction is wrong.

Thus, judicial economy would be hampered, not furthered, by recognition of an exception to the general rule. Appellate courts would continually be compelled to examine summary denials to determine if they establish law of the case. (In addition to the cases previously cited, see, e.g., *Paradise Hills Associates* v. *Procel* (1991) 235 Cal.App.3d 1528, 1536-1537 [1 Cal.Rptr.2d 514]; *Wilson* v. *Tri-City Hospital Dist.* (1990) 221 Cal.App.3d 441, 450, fn. 6 [270 Cal.Rptr. 436] [stating that "[o]rdinarily" the prior order would have been law of the case under *Richer* v. *Superior Court, supra,* 63 Cal.App.3d 748, but finding the doctrine did not apply for a different reason]; *Holliday* v. *Jones* (1989) 215 Cal.App.3d 102, 106, fn. 1 [264 Cal.Rptr. 448].) Except for *Richer* v. *Superior Court, supra,* 63 Cal.App.3d 748, all of the cases have concluded that the prior order was not law of the case, although for varying reasons and with varying amounts of analysis. By requiring exploration of collateral matters before going on to the merits, the current uncertainty has caused *more* appellate litigation, not less. (See *In re Christopher A.* (1991) 226 Cal.App.3d 1154, 1159 [277 Cal.Rptr. 302], discussed below.)

According law of the case effect to a summary denial would also prevent the losing party from ever having the opportunity for oral argument on that issue. (See *People* v. *Medina, supra,* 6 Cal.3d at pp. 489-490; *Rosato* v. *Superior Court, supra,* 51 Cal.App.3d at pp. 230-231.) In recent years, we have recognized the importance of oral argument as an incident of appellate review. (*Moles* v. *Regents of University of California* (1982) 32 Cal.3d 867 [187 Cal.Rptr. 557, 654 P.2d 740]; *People* v. *Brigham* (1979) 25 Cal.3d 283, 286-288 [157 Cal.Rptr. 905, 599 P.2d 100].) In *Moles, supra,* 32 Cal.3d at page 871, we suggested that the right to oral argument exists in any appeal or original proceeding decided on the merits. We need not decide whether that is absolutely correct, but the importance of oral argument also supports not giving law of the case effect to a denial where it was not available.[3]

In *People* v. *Medina, supra,* 6 Cal.3d at page 490, we expressed concern that if a summary denial of a writ petition established law of the case precluding consideration of the issue on appeal, then such "pretrial writ review would become useless for no well-advised defendant would invoke that provision at the risk of losing the right to be heard at oral argument and to have the merits of his constitutional contention decided by a written opinion." The same concern applies here. The parties should not be penalized for seeking pretrial review. If a writ petition is given full review by issuance of an alternative writ, the opportunity for oral argument, and a written opinion, the parties have received all the rights and consideration accorded a normal appeal. Granting the resulting opinion law of the case status as if it had been an appellate decision is appropriate. But if the denial followed a less rigorous procedure, it should not establish law of the case. To be sure, the court on a later appeal might often reach the same result as before. But it is not *required* to do so by the law of the case doctrine.

For these reasons, we reject the "sole possible ground" exception to the general rule. A summary denial of a writ petition does not establish law of the case whether or not that denial is intended to be on the merits or is based on some other reason. We disapprove of contrary dicta in any case, and of the contrary holding of *Richer* v. *Superior Court, supra,* 63 Cal.App.3d 748.

## E. *Pigeon Point*

■ Plaintiff also relies on *Pigeon Point Ranch, Inc.* v. *Perot* (1963) 59 Cal.2d 227 [28 Cal.Rptr. 865, 379 P.2d 321] (*Pigeon Point*). In that case, the

---

[3]We stress that it is the *opportunity* for oral argument that is important, not necessarily the actual argument. Oral argument may be, and often is, waived for varied and legitimate reasons.

defendant had filed a motion to dismiss an appeal in the Court of Appeal on the basis that the judgment was not appealable. The court denied the motion without a written opinion. The defendant then filed a petition for hearing in this court on the same ground. We denied the petition. The Court of Appeal ultimately reversed the judgment in a written opinion. We then granted a hearing. We held that the earlier motion to dismiss the appeal had presented the court "with only one question, namely, appealability of the judgment, and, in the interests of orderly administration of justice, the denial of the motion, made without qualification, should be interpreted as a final determination." (*Id.* at pp. 231-232.) Thus, we found ourselves precluded from considering on the merits the appealability of the judgment. (*Ibid.*)

Plaintiff urges that the summary denial in this case, also made without qualification, should similarly be given law of the case treatment. We believe, however, that *Pigeon Point, supra*, 59 Cal.2d 227, must be reconsidered in light of the more recent authority discussed above, especially *People* v. *Medina, supra*, 6 Cal.3d 484. As with a summary denial of a writ petition, a summary denial of a motion to dismiss the appeal should not preclude later full consideration of the issue, accompanied by a written opinion, following review of the entire record and the opportunity for oral argument. A motion to dismiss, if successful, can be valuable in avoiding the needless preparation of the record and the waste of time and judicial resources in considering an appeal that should have been prevented at the outset. But the *Pigeon Point* rule forces a party to risk losing the chance for full appellate review of the issue as the price for filing the motion. A party should not be penalized for moving to dismiss the appeal any more than for filing a pretrial writ. (See *People* v. *Medina, supra*, 6 Cal.3d at p. 490, quoted above.)

Recent Court of Appeal cases have criticized *Pigeon Point, supra*, 59 Cal.2d 227, either expressly or impliedly. (*In re Christopher A., supra*, 226 Cal.App.3d at pp. 1158-1161; *Chernett* v. *Jacques* (1988) 202 Cal.App.3d 69, 71 [248 Cal.Rptr. 63].) The latter case essentially refused to follow *Pigeon Point* in the guise of distinguishing it. The former case confronted the problem more directly: "This holding [in *Pigeon Point*], giving substantive and conclusive effect to a one-word order denying a motion to dismiss, has quite often (as in this case) engendered extensive exploration of collateral matters, to the detriment of analysis of substantive legal issues. In this respect, we believe *Pigeon Point* has more often disrupted than promoted the 'orderly administration of justice.' " (*In re Christopher A., supra,* at p. 1159, quoting Pigeon Point, *supra*, 59 Cal.2d at p. 231.) "Thus the Pigeon Point rule impedes the orderly administration of justice, [and] is incompatible with

interpretation of court action in related proceedings [e.g., *People* v. *Medina, supra*, 6 Cal.3d 484, discussed in the opinion] . . . ." (*In re Christopher A., supra*, at p. 1160.) *Christopher A.* ultimately found the summary denial of that case did not establish law of the case for a different reason—the order was not signed by at least two justices. (*Id.* at p. 1161.)

We agree with the criticisms expressed in *In re Christopher A., supra*, 226 Cal.App.3d 1154. "[N]o logical reason appears to treat denial of a *motion*" different from the summary denial of a pretrial writ. (*Id.* at p. 1159, italics in original.) The *Pigeon Point* rule is incompatible with subsequent authority, and *Pigeon Point, supra*, 59 Cal.2d 227, is hereby overruled.

### III. CONCLUSION

The Court of Appeal erred in finding that the earlier summary denial of the petition for writ of mandate established law of the case. The judgment of the Court of Appeal is therefore reversed, and the matter is remanded with instructions to consider the issues on the merits (upon which we express no opinion).

Lucas, C. J., Panelli, J., Kennard, J., Baxter, J., and George, J., concurred.

**MOSK, J.,** Concurring and Dissenting.—I concur in the judgment and in most of the analysis. But I cannot join the majority in unnecessarily reaching out to overrule a decision of this court that has been the prevailing law for almost 30 years.

*Pigeon Point Ranch, Inc.* v. *Perot* (1963) 59 Cal.2d 227 [28 Cal.Rptr. 865, 379 P.2d 321], was authored by Chief Justice Gibson and concurred in by Justices Traynor, McComb, Peters, Tobriner, Peek, and White. I doubt that we are more competent to determine the rather simple rule of law involved than was one of the most distinguished courts in California history. Its opinion was sound when written, and three decades later it is not an obstacle to the result in the instant case.

According to *Pigeon Point*, law of the case is subject to "the requirements that the point of law involved must have been necessary to the prior decision, that the matter must have been actually presented and determined by the court, and that application of the doctrine will not result in an unjust decision." (59 Cal.2d at p. 231.)

The foregoing was a practical rule then, and it is equally practical now. As *Pigeon Point* expressly declared, the fact that "law of the case will not be

applied so as to do an injustice will be ample protection to the parties if any unfairness would result." (59 Cal.2d at p. 232.)

*Pigeon Point* would in no way prevent the result properly reached in the matter before us. Unnecessarily overruling that venerable authority is counterproductive to stability in the law.