Filed 8/9/13  L.T. v. Superior Court CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| L.T.,<br><br>        Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SONOMA COUNTY,<br><br>        Respondent;<br><br>SONOMA COUNTY HUMAN SERVICES DEPARTMENT et al.,<br><br>        Real Parties in Interest. | A138652<br><br>(Sonoma County<br>Super. Ct. Nos. 3782-DEP, 3783-DEP,<br> 3784-DEP) |

## MEMORANDUM OPINION[1]

The three children of appellant L.T. (Mother), M.M., age 23 months, and Ru.M. and Ri.M., twins one month old (minors), were the subject of a November 2011 dependency petition.  The petition alleged neglect, failure to protect, and failure to support due to serious domestic violence between Mother and her husband, the minors' presumed father (Father), and substance abuse by Mother and Father.  (Welf. & Inst. Code,[2] § 300, subds. (b) & (g).)  At the time of filing, both parents were incarcerated.

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1 (a "memorandum or other abbreviated form of opinion" is appropriate when an appeal "raise[s] no substantial issues of law or fact").

[2] All statutory references are to the Welfare and Institutions Code.

The minors were found to be dependents of the court in December 2011. Reunification services were denied to Father as a result of his history of chronic substance abuse. (§ 361.5, subd. (b)(13).) At the time of the six-month review in June 2012, the Sonoma County Human Services Department (Agency) recommended terminating reunification services to Mother as a result of her continued contact with Father, erratic compliance with a substance abuse program, and inability to accept responsibility for her conduct. After a contested six-month review hearing in September 2012, the juvenile court granted Mother an additional six months of services. The Agency again recommended termination of Mother's reunification services at the time of the 12-month hearing in December. After a series of evidentiary hearings in February, March, and April 2013, the court terminated her services and scheduled a permanency planning hearing pursuant to section 366.26, explaining its decision in a written order.

On June 24, 2013, Mother filed in this court a petition for extraordinary writ seeking an order directing the juvenile court to vacate its order and restore reunification services. In her petition, Mother contends the juvenile court's conduct of the proceedings violated her right to procedural due process and its findings of detriment and reasonable services were not supported by substantial evidence. We entered an order to show cause and oral argument notice, directing a response by July 10.

The factual circumstances underlying Mother's claims of error are known to the parties and are thoroughly recounted in the Agency's "Opposition and Response to Mother's Petition for Extraordinary Writ and Objection to Request for Stay."

**A.** *Due Process*

Mother cites no legal authority for her claim that her due process rights were violated in the course of the dependency proceeding. The foundations for her argument are the claims that (1) only one report was prepared by the Agency in connection with the contested 12-month hearing, which stretched over several months, and information was disclosed during testimony that was not contained in an Agency report; (2) a social worker who testified failed to provide the court with " 'exculpatory' or 'good' evidence"; and (3) the trial court relied in its statement of decision on an expert's answer to a

2

hypothetical question, the premise of which was never proven. Taking Mother's claims at face value, we find no violation of procedural due process.

Dependency proceedings "need not be 'conducted with all the strict formality of a criminal proceeding.' [Citations.] As this court has said, '[d]ue process is a flexible concept which depends upon the circumstances and a balancing of various factors. [Citation.]' [Citations.] [¶] One specific area of dependency jurisprudence where the rules of evidence are relaxed is with respect to the reports and social studies prepared by the caseworker assigned to the family. . . . Despite their hearsay content, such reports are admissible to assist the court in its determinations. [Citations.] Due process generally requires, however, that parents be given the right to present evidence, and to cross-examine adversarial witnesses, such as the caseworker and persons whose hearsay statements are contained in the reports, 'i.e., the right to be heard in a meaningful manner.' " (*In re Lesly G.* (2008) 162 Cal.App.4th 904, 914–915.)

There is no question Mother was given the opportunity to be heard in a meaningful manner, and she does not contend otherwise. The juvenile court's proceedings stretched over three months and several evidentiary hearings. Mother was permitted to cross-examine Agency social workers and consultants, call her own witnesses, and testify twice herself, including as the final witness. Contrary to Mother's argument, due process did not require the social worker voluntarily to supply " 'exculpatory' or 'good' evidence," which Mother could elicit during cross-examination. Mother contends an improper hypothetical question was allowed, but she had the opportunity to cross-examine the expert regarding the hypothetical question to demonstrate the lack of foundation. Finally, she was able to address any issues that arose for the first time during the hearings through cross-examination, in her own testimony, and in the extensive closing statement she submitted after the close of evidence. Nothing in the proceedings deprived Mother of due process.

Mother contends the Agency should have submitted an addendum status report because the contested 12-month hearing stretched over several months, during which additional relevant events occurred. A report must be filed with the court within 10 days

of each 6-month status hearing.  (§ 366.21, subd. (c).)  There was no violation of the Agency's statutory duty because an appropriate report was prepared for the 12-month hearing, and the court's order issued before the time for the 18-month hearing.  While the court could have requested an addendum report (§ 365), it was not required to do so.  In any event, the failure to request and/or file an addendum report was harmless, since the court was conducting virtually monthly evidentiary hearings at which the parties could present witnesses to address new developments.

**B.  *Detriment***

At the 12-month hearing, "[a]fter considering the relevant and admissible evidence, the court shall order the return of the child to the physical custody of his or her parent or legal guardian unless the court finds, by a preponderance of the evidence, that the return of the child to his or her parent or legal guardian would create a substantial risk of detriment to the safety, protection, or physical or emotional well-being of the child." (§ 366.21, subd. (f).)  "Though usually the case, a parent's compliance with the case plan is not a guarantee the child will be returned to the parent." (*In re Jacob P.* (2007) 157 Cal.App.4th 819, 830.)  In determining detriment, the juvenile court "can consider, among other things: . . . properly supported psychological evaluations which indicate return to a parent would be detrimental to a minor [citations]; whether the natural parent maintains relationships with persons whose presence will be detrimental to the ward [citation]; instability in terms of management of a home [citation]; . . . limited awareness by a parent of the emotional and physical needs of a child [citation]; failure of a minor to have lived with the natural parent for long periods of time [citation]; and the manner in which the parent has conducted himself or herself in relation to a minor in the past." (*Constance K. v. Superior Court* (1998) 61 Cal.App.4th 689, 704–705.)  We review a juvenile court's finding of detriment for substantial evidence.  (*In re B.S.* (2012) 209 Cal.App.4th 246, 252.)

In its order, the juvenile court accepted that Mother had "largely complied" with her case plan by participating in substance abuse and domestic violence programs, parenting classes, and personal therapy and by remaining sober for at least 10 months.

However, the court found, her "progress has been neither consistent nor substantial. What emerges from consideration of events throughout this case are patterns, unchanged over time, that include: engagement followed by disengagement, defiance of authority, and refusal to accept or apply information that Mother does not agree with." As specific support for its conclusion, the court cited nine separate items of evidence, including Mother's failure to follow through in seeking treatment for M.M.'s hearing loss and orthopedic needs, her reinforcement of M.M.'s negative behavior, her failure to work with the Agency in addressing her lack of attention to the twins, continued concerns by a consultant for the safety and security of the minors, and her failure after 18 months to be deemed capable of unsupervised visits with them. To that could be added Mother's failure actually to complete a substance abuse program as a result of her inconsistent cooperation, her failure to internalize the material from the domestic abuse program, reflected in her continued intermittent contact with Father, her refusal to cooperate with efforts to avoid M.M.'s exposure to plastic, and her insensitivity to M.M.'s emotional needs in discussing with M.M. returning to Mother's custody, M.M.'s father, and life with her foster family. The testimony of the Agency social worker that Mother had not ameliorated the problems leading to the minors' removal was well-supported.

Despite several days of testimony and the juvenile court's written order explaining its decision, Mother's argument for a lack of substantial evidence is directed solely at the information provided in the Agency's 12-month report. Because the juvenile court was required by the express terms of section 366.21, subdivision (f) to makes its decision "[a]fter considering the relevant and admissible evidence," our review must take into account both the information provided by the Agency in its reports and the testimony provided in the series of hearings the court conducted. To the extent Mother's petition addresses the juvenile court's rationale at all, it merely quibbles with the court's analysis, rather than demonstrating a lack of evidentiary basis for its finding. For the reasons discussed above, we find substantial evidence in that testimony to support the court's finding of detriment.

**C.** *Reunification Services*

The law governing the provision of reunification services was summarized in *Tracy J. v. Superior Court* (2012) 202 Cal.App.4th 1415: "Family reunification services play a critical role in dependency proceedings. [Citations.] Reunification services should be tailored to the particular needs of the family. [Citation.] . . . [¶] The 'adequacy of reunification plans and the reasonableness of the [Agency's] efforts are judged according to the circumstances of each case.' [Citation.] To support a finding reasonable services were offered or provided, 'the record should show that the supervising agency identified the problems leading to the loss of custody, offered services designed to remedy those problems, maintained *reasonable* contact with the parents during the course of the service plan, and made *reasonable* efforts to assist the parents in areas where compliance proved difficult . . . .' [Citation.] 'The standard is not whether the services provided were the best that might be provided in an ideal world, but whether the services were reasonable under the circumstances.' " (*Id.* at pp. 1425–1426.) We review the juvenile court's finding of reasonableness under the substantial evidence test. (*Amanda H. v. Superior Court* (2008) 166 Cal.App.4th 1340, 1346.)

Substantial evidence supports the trial court's conclusion the services provided by the Agency were reasonable. Mother was provided access to a domestic violence program, individual psychological counseling, a substance abuse program, and a parenting education course, and she was given periodic supervised visits with the minors. Together, these were directed at precisely the problems that led to the decision to remove the minors.

Mother raises no genuine argument to the contrary. Other than an anger management course, Mother suggests no additional services that could have been provided. Because anger management was not cited as a reason for removing the children, the absence of that program does not render the services unreasonable. Mother contends the Agency was slow to respond to the court's September order extending her services, but Mother was already engaged in the various programs by that time and continued in her participation afterwards. She claims the Agency made no effort to assist

6

her when compliance proved difficult due to conflicts of scheduling, but the Agency was not required to accommodate Mother's schedule.

The petition for an extraordinary writ is denied on the merits.  (See *Kowis v. Howard* (1992) 3 Cal.4th 888, 894.)  The decision is final in this court immediately. (Cal. Rules of Court, rules 8.452(i), 8.490(b)(3).)


_____

Margulies, Acting P.J.


We concur:


_____

Dondero, J.


_____

Banke, J.