Filed 11/20/15  P. v. Gonzalez CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B265327 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA035222) |
| v. | |
| MANUEL ANTONIO GONZALEZ III, | |
| Defendant and Appellant. | |

APPEAL from a post-judgment order of the Superior Court of Los Angeles County, Mark S. Arnold, Judge.  Affirmed.

Murray A. Rosenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Manuel Antonio Gonzalez III appeals from the trial court's order denying his third petition for writ of error *coram nobis*. We affirm.

### PROCEDURAL AND FACTUAL BACKGROUND

1. *The 1997 Burglary Conviction*

By felony complaint filed December 3, 1997, defendant and a co-defendant were accused of first-degree residential burglary (Pen. Code,[1] § 459) and receiving stolen property (§ 496, subd. (a)). On December 17, 1997, defendant entered a negotiated plea of no contest to first-degree burglary. In exchange, the court stayed execution of a four-year prison term and placed defendant on three years of formal probation. The conditions of probation included 365 days in county jail, payment of a $200 restitution fine (§ 1202.4, subd. (b))—the statutory minimum—and payment of victim restitution "in the amount [prescribed by] the probation officer." (§ 1202.4, subd. (f).) Defendant did not appeal.

At some point during defendant's probation, victim restitution was set at $4,000. There is no evidence before us that he objected to the amount of victim restitution, moved to set aside the plea, appealed, or requested writ relief at that time. Defendant claims to have paid $2,000 of the restitution award. However, his probation was extended for one year because he did not pay the full amount. The record does not indicate whether the court first determined defendant had the ability to pay the full amount. (*People v. Cookson* (1991) 54 Cal.3d 1091, 1095 [extension permitted if court expressly finds defendant had ability to pay restitution, but willfully refused to do so].) In any event, he did not appeal.

2. *The 2002 Attempted-Murder Conviction*

On June 7, 2001, while still on probation, defendant was charged with attempted murder (§§ 664/187) and assault with a deadly weapon in Los Angeles Superior Court case TA059902. On January 10, 2002, he was sentenced to 23 years in prison, including a five-year serious-felony enhancement (§ 667, subd. (a)(1)) for the 1997 burglary.

---

[1] All undesignated references are to the Penal Code.

2

Defendant appealed, and on June 11, 2003, we affirmed.  (*People v. Gonzalez* (Jun. 11, 2003, B157001) [nonpub. opn.].)

        3.      *Prior Writ Petitions and Appeals*

Between 2003 and 2007, defendant filed numerous state and federal petitions for writ of habeas corpus attacking the validity of the plea and sentence in the 1997 burglary case.  (See *People v. Gonzalez* (Nov. 2, 2007, B200425) [nonpub. opn.], pp. 2-4 (*Gonzalez I*).)  All of the petitions were denied.

On June 4, 2007, defendant filed a petition for writ of error *coram nobis* in the trial court.  (*Gonzalez I*, *supra*, at pp. 4–6.)  The court denied the petition.  (*Id.* at p. 6.)  On June 27, 2007, defendant appealed from the order denying the petition, and we appointed counsel to represent him on appeal.  (*Ibid.*)  On November 2, 2007, we affirmed.  (*Id*. at p. 10.)

On August 4, 2008, defendant filed a second petition for writ of error *coram nobis* in the trial court.  (*People v. Gonzalez* (Apr. 7, 2009, B211498) [nonpub. opn.], at pp. 2–5 (*Gonzalez II*).)  On September 10, 2008, the court denied the petition, stating, " 'Prior to this one, the defendant has filed many petitions in the trial court, State District Court of Appeal, State Supreme Court, and in federal court raising the same issues that he is now raising again.  [¶]  All prior petitions have been denied.  The current one is, as well, due to it being repetitive and without legal merit.' "  (*Id.* at p. 5.)  On September 19, 2008, defendant appealed from the order denying the petition, and we appointed counsel to represent him on appeal.  (*Ibid*.)  On April 7, 2009, we affirmed.  (*Id.* at p. 7.)

        4.      *The Instant Writ Petition and Appeal*

On May 26, 2015, defendant filed a third petition for writ of error *coram nobis* in the trial court.  The court denied the petition that day.  The order stated:  "Defendant's most recent petition has been read and considered.  Defendant has raised the same issues before many times.  ALL previous petitions have been denied due to lack of merit.  This petition is denied as well.  Defendant's plea was knowing, intelligent, and voluntary.  There were NO FALSE representations made to Defendant."

On June 10, 2015, defendant appealed from the order denying this petition, and we appointed counsel to represent him on appeal.  After examination of the record, appointed counsel filed a brief that raised no issues and asked us to review the record independently.  (*People v. Wende* (1979) 25 Cal.3d 436.)  On September 2, 2015, we advised defendant that his counsel had failed to find any arguable issues and that he had 30 days to personally submit any contentions or issues he wished this court to consider.  On September 28, 2015, we granted defendant 30 additional days to file a supplemental brief.  Defendant filed a timely supplemental brief in which he makes the same claims raised in his petitions for writ of error *coram nobis*.

## *DISCUSSION*

We have examined the entire record, including the 117-page petition, the 26-page supplemental brief, and our opinions in defendant's two previous *coram nobis* appeals (*Gonzalez I* and *Gonzalez II*, *supra*).  We are satisfied defendant's attorney has fully complied with his responsibilities and no arguable issues exist.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284 [145 L.Ed.2d 756]; *People v. Wende*, *supra*, 25 Cal.3d at p. 443.)  Because the May 26, 2015 petition for writ of error *coram nobis* is substantially similar to the August 4, 2008 petition, the June 4, 2007 petition, and the petitions for writ of habeas corpus, the petition was properly denied.  (*Hagan v. Superior Court* (1962) 57 Cal.2d 767, 770-771, disapproved on other grounds by *Kowis v. Howard* (1992) 3 Cal.4th 888, 895, 899.)

4

### *DISPOSITION*

The order denying defendant's petition for writ of error *coram nobis* is affirmed.


### *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*



LAVIN, J.

WE CONCUR:




EDMON, P. J.




JONES, J.[*]


---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.