Filed 4/11/22  P. v. Cole CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>EDDIE COLE,<br><br>        Defendant and Appellant. | A163248<br><br>(San Francisco City and County Super. Ct. No. CT2107748, SCN 190013) |

Eddie Cole appeals from the trial court's order denying his petitions for writ of *coram nobis*.  Cole's appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Our independent review of the record reveals no arguable issues, and we affirm.

### BACKGROUND

In 2004, a jury convicted Cole of second degree murder (Pen. Code, § 187)[1] and possession of a firearm by a felon (former § 12021, subd. (a)(1); see now § 29800, subd. (a)(1)).  The jury also found true an enhancement allegation that Cole "personally and intentionally discharged a firearm," which caused the victim's death.  (§ 12022.53, subd. (d).)  He was sentenced to an aggregate

---

[1] Undesignated statutory references are to the Penal Code.

1

prison term of 40 years to life.  This Division affirmed the judgment of conviction on appeal.  (*People v. Cole* (Apr. 21, 2006, A106946) [nonpub. opn.] (*Cole*).)

After Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015) was enacted more than 10 years later, Cole filed a series of petitions for writ of habeas corpus that sought resentencing pursuant to section 1170.95.  Counsel was appointed to represent him in connection with his first petition. The first few of these petitions were denied on the basis that Cole was ineligible for relief because he was the actual killer and was not convicted under a theory of imputed malice.  Later petitions were denied on procedural grounds.

Most recently, acting in propria persona, Cole filed two identical petitions for writ of *coram nobis*.  Each petition asserts that Cole is entitled to resentencing because he could not now be convicted of murder based on the amendments to sections 188 and 189 made by Senate Bill No. 1437.  In support of his petitions, Cole submitted this division's opinion from his direct appeal.

The prior opinion summarizes the evidence presented at trial, including uncontradicted evidence that Cole, acting as the sole gunman, fired a gun two or three times at the victim's back. (*Cole, supra*, A106946.)  The prosecution also introduced medical evidence that the victim died from a single gunshot wound to his back.  (*Ibid.*)

The trial court denied Cole's petitions without appointing counsel.  The court explained that Cole's petitions were procedurally barred—because they are repetitive of prior petitions wherein the court had rejected the same argument. Furthermore, Cole failed to demonstrate how the changes to sections 188 and 189 affect his second degree murder conviction.

2

## DISCUSSION

Cole's appointed appellate counsel advised Cole of his right to file a supplemental brief to bring to this court's attention any issue he believes deserves review. Cole filed such a brief, in which he argues only that appointed appellate counsel rendered ineffective assistance and requests appointment of new counsel. There is no indication that Cole's appellate counsel was ineffective and we deny Cole's request for substitution of counsel.

Our independent review of the record suggests that the trial court did not err in concluding Cole's petitions were procedurally barred. (See *Hagan v. Superior Court* (1962) 57 Cal.2d 767, 769 [absent unusual or changed circumstances, courts should not permit reconsideration of determinations long since final]; *In re Miller* (1941) 17 Cal.2d 734, 735 [barring repetitive habeas corpus claims previously denied on merits].)

Even if Cole's petitions for a writ of *coram nobis* were not procedurally barred, he failed to establish any new fact which, had it been known at the time of his conviction, would have prevented entry of the judgment. (*People v. Kim* (2009) 45 Cal.4th 1078, 1093 [writ of *coram nobis* is appropriate only to review new facts, not new law].) Furthermore, the trial court did not err by denying his petition without appointing counsel or holding a hearing. Because Cole's declarations do not demonstrate that he is eligible for relief under section 1170.95, subdivision (a), Cole's petitions were properly denied for failure to comply with the requirements of section 1170.95, subdivision (b)(1)(A). (§ 1170.95, subds. (a), (b)(2); *People v. Lewis* (2021) 11 Cal.5th 952, 960, 962.) And Cole did not request appointment of counsel below. (§ 1170.95, subd. (b)(3); *Lewis, supra*, at p. 963.)

Finally, we note that Cole may not be entitled to *Wende* review in this appeal from an order denying postconviction relief. (See *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537, 539 [*Wende* framework does not extend beyond first appeal of

right from criminal conviction]; *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted October 14, 2020, S264278 [same].)  Nonetheless, we have conducted an independent review and found no arguable issues.

## DISPOSITION

The trial court's order denying Cole's petitions for writ of *coram nobis* is affirmed.

_____

BURNS, J.

We concur:

_____

SIMONS, ACTING P.J.

_____

NEEDHAM, J.

A163248