Filed 1/17/14  P. v. Wilson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058849 |
| v. | (Super.Ct.No. FWV012851) |
| JEROME PAUL WILSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Jerome Paul Wilson appeals from an order denying his petition for recall of an indeterminate life term under Penal Code section 1170.126, subdivision (f).[1]  We will affirm the order.

I

BACKGROUND

On July 7, 1999, a jury found defendant guilty of one count of commercial burglary (§ 459; count 1); three counts of robbery (§ 211; counts 2, 4 & 6); five counts of assault with a semiautomatic weapon (§ 245, subd. (b); counts 3, 5, 7-9); and one count of felon in possession of a firearm (former § 12021, subd. (a)(1); count 10).  The jury also found true that in the commission of counts 1 through 9, defendant personally used a firearm (former § 12022.5, subd. (a)).  In a bifurcated bench trial, the trial court found true that defendant had suffered two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) for two robberies committed in 1992 and two prior serious felony convictions (§ 667, subd. (a)(1)) for the same robberies committed in 1992.  On November 18, 1999, the trial court sentenced defendant to a total determinate term of 55 years plus an indeterminate term of 125 years to life in state prison with credit for time served.

On November 6, 2012, the electorate passed Proposition 36, also known as the Three Strikes Reform Act.  Among other things, this ballot measure enacted section

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

1170.126, which permits persons currently serving an indeterminate life term under the "Three Strikes" law to file a petition in the sentencing court, seeking to be resentenced to a determinate term as a second striker. (§ 1170.126, subd. (f).) If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subds. (f), (g).)

Section 1170.126, subdivision (e), provides, as pertinent here, that a defendant is eligible for resentencing if he or she is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of section 667 or subdivision (c) of section 1170.12 "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of [s]ection 667.5 or subdivision (c) of [s]ection 1192.7." (§ 1170.126, subd. (e)(1).)

On March 21, 2013, defendant filed in pro. per. a petition for resentencing under section 1170.126. The trial court denied the petition on May 6, 2013, finding defendant ineligible for resentencing under section 1170.126 due to his current commitment offenses for robbery and use of a firearm. Defendant filed a timely notice of appeal.[2]

---

[2] We note that the California Supreme Court has granted review in cases that have found that the trial court's order on a postjudgment petition pursuant to section 1170.126 is a nonappealable order. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017, briefing deferred pursuant to rule 8.512(d)(2), Cal. Rules of Court.) Even if we were to conclude it was a nonappealable order, we could consider, in the interest of judicial economy and because of uncertainty in the law, that defendant's appeal is a petition for writ of habeas corpus or petition for writ of mandate. (See *People v. Segura* (2008) 44 Cal.4th 921, 928 fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 853 [Fourth Dist., Div. Two] [treating appeal as petition for

*[footnote continued on next page]*

## II

## DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. In his supplemental brief, defendant appears to argue that (1) the trial court erred in refusing to recall his stayed 25-year-to-life sentence for commercial burglary; (2) his constitutional and statutory rights were violated because the trial court sentenced him in excess of the court's jurisdiction; (3) the trial court imposed unauthorized sentences when it imposed some of the enhancements consecutively; (4) the trial court breached his 1992 plea agreement because he was never informed his two prior robbery convictions would be treated as two strikes rather than one; and (5) his prior convictions should be reversed because an abstract of judgment is insufficient to prove a prior conviction. For the reasons explained below, we reject these contentions.

_____

*[footnote continued from previous page]*
writ of mandate due to uncertainty in the law].)  In *People v. Leggett* (2013) 219 Cal.App.4th 846, 854, the appellate court expressed that when a trial court must determine whether the prior convictions qualify under the resentencing provision, such issue is appealable. We will review defendant's appeal.

Proposition 36 added section 1170.126, which applies exclusively to those "persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of [s]ection 667 or paragraph (2) of subdivision (c) of [s]ection 1170.12, whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).) Section 1170.126 sets forth a procedure through which certain prisoners can petition the court for resentencing. Such a person may file a petition to recall his or her sentence and be sentenced as a second strike offender. (§ 1170.126, subd. (b).) An inmate is eligible for such resentencing if none of his or her commitment offenses constitute serious or violent felonies *and* none of the enumerated factors disqualifying a defendant for resentencing under Proposition 36 apply. (§ 1170.126, subd. (e).) An exception to this general rule exists, among others, where the prosecution has pled and proved the defendant *used* a firearm in the commission of the current offense, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)). If the prosecution pleads and proves this exception exists, the defendant must be sentenced under the Three Strikes law.

Here, the jury found true that in the commission of the burglary, as well as the other offenses with the exception of felon in possession of a firearm, defendant personally used a firearm (former § 12022.5, subd. (a)). As such, defendant was ineligible for resentencing under section 1170.126 as to his burglary offense.

Furthermore, defendant's remaining claims are waived since he failed to raise them in his first appeal. "[W]here a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay." (*People v. Senior* (1995) 33 Cal.App.4th 531, 538.) California law prohibits a direct attack upon a conviction in a second appeal after posttrial procedures. (*Id.* at p. 535.) Here, defendant cannot show any justification for the delay in raising the issues he now does in this appeal following a denial of his petition to recall his indeterminate sentence.[3] (*Kowis v. Howard* (1992) 3 Cal.4th 888, 894.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

---

[3] Defendant had filed a direct appeal in 1999 following his conviction and sentence. (See *People v. Wilson*, case No. E026191.) Subsequently, he had filed four writ of habeas corpus petitions. (See case Nos. E036251, E029622, E044424, E036912.)

### III

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


CODRINGTON
J.