Filed 1/14/15  Maria S. v. Super. Ct. CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MARIA S., <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF SONOMA COUNTY, <br><br> Respondent; <br><br> SONOMA COUNTY HUMAN SERVICES DEPARTMENT, <br><br> Real Party in Interest. | A143380 <br><br> (Sonoma County <br> Super. Ct. Nos. 4227-DEP, 4228-DEP & 4229-DEP) |

**MEMORANDUM OPINION[1]**

The three children of petitioner Maria S. (Mother), J.F., then four years old, R.F., 10 years old, and L.F., 14 years old, were the subject of amended dependency petitions, filed July 19, 2013.  The petitions alleged Mother failed to provide the children with adequate care, supervision, and a safe living environment as a result of marijuana and methamphetamine use in the home, maintenance of a filthy home with little or no food, Mother's own drug use, and exposure to domestic violence between Mother and the presumed father of the two younger children.  (Welf. & Inst. Code,[2] § 300, subd. (b).)

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1(1), (3).

[2] All statutory references are to the Welfare and Institutions Code.

All three children were found to be dependents of the court, and Mother was granted reunification services.[3] Following a contested 12-month review hearing, the juvenile court entered orders finding that reasonable services had been provided, terminating reunification services to Mother, and finding no substantial probability the children would be returned to Mother within the remaining two months of the 18-month services period if reunification services were continued. The court found the oldest child, L.F., not to be a proper subject for adoption and ordered a permanent plan of long-term foster care. As to the two younger children, the court scheduled a permanency planning hearing pursuant to section 366.26.

On December 2, 2014, Mother filed a petition for an extraordinary writ in this court, seeking an order directing the juvenile court to vacate its order terminating reunification services and scheduling a section 366.26 hearing and to provide her further reunification services. Mother contends the juvenile court's findings that the reunification services provided to her were adequate and there was no substantial probability the children would have been returned to her during the 18-month services period are not supported by substantial evidence.

The factual circumstances underlying Mother's claims of error are known to the parties and are summarized in "Sonoma County Human Services Department's Opposition to Mother's Petition for Extraordinary Writ and Objection to Request for Stay," filed in this matter on December 17, 2014.

**A.** *Motion to Dismiss*

The Sonoma County Human Services Department (Agency) has filed a motion to dismiss Mother's petition with respect to the oldest child, L.F. As noted above, the juvenile court scheduled a permanency planning hearing for the two younger children, but it declined to conduct a permanency planning hearing for L.F. and adopted a permanent plan of a long-term foster care.

---

[3] The juvenile court's rulings with respect to the presumed father of the two younger children are not at issue in this petition and will not be discussed.

A petition for an extraordinary writ is the appropriate method for challenging rulings made at a hearing at which a permanency planning hearing is scheduled. (§ 366.26, subd. (*l*)(1); *In re Tabitha W.* (2006) 143 Cal.App.4th 811, 816.)  When the juvenile court bypasses a permanency planning hearing and adopts long-term foster care as a permanent plan, however, the requirement of a writ petition in section 366.26 does not apply.  Instead, the ruling is final and reviewable by appeal.  (*In re John F.* (1994) 27 Cal.App.4th 1365, 1374, fn. 4.)  We decline to treat the writ petition in the proceeding applicable to L.F. as an appeal because there might be a wider range of issues available to Mother on an appeal of the juvenile court's ruling with respect to L.F.  The writ petition is dismissed as to the juvenile court's ruling in case No. 4227-DEP, concerning L.F.

**B.  *Reunification Services***

The purpose of reunification services is to place the parent in a position to gain custody of the child.  (*In re Karla C.* (2010) 186 Cal.App.4th 1236, 1244.)  The law governing the provision of reunification services was summarized in *Tracy J. v. Superior Court* (2012) 202 Cal.App.4th 1415:  "Family reunification services play a critical role in dependency proceedings.  [Citations.]  Reunification services should be tailored to the particular needs of the family.  [Citation.] . . . [¶] The 'adequacy of reunification plans and the reasonableness of the [Agency's] efforts are judged according to the circumstances of each case.'  [Citation.]  To support a finding reasonable services were offered or provided, 'the record should show that the supervising agency identified the problems leading to the loss of custody, offered services designed to remedy those problems, maintained *reasonable* contact with the parents during the course of the service plan, and made *reasonable* efforts to assist the parents in areas where compliance proved difficult . . . .'  [Citation.]  'The standard is not whether the services provided were the best that might be provided in an ideal world, but whether the services were reasonable under the circumstances.' "  (*Id.* at pp. 1425–1426.)  We review the juvenile court's finding of reasonableness under the substantial evidence test.  (*Amanda H. v. Superior Court* (2008) 166 Cal.App.4th 1340, 1346.)

3

In light of the allegations of the petitions, the Agency adopted a reunification plan directed at substance abuse treatment, domestic violence, and parenting skills. From the time of the children's detention, the Agency made available individual and couples therapy for Mother and the presumed father and in-home parenting education, child care, and substance abuse evaluation for Mother. Because Mother had falsely claimed to suffer from cancer and had suffered from symptoms of depression in the past, a psychological evaluation was also ordered. During the first few months of the proceeding, her participation in proffered services was haphazard and largely ineffective, apparently due to her continuing substance abuse.[4] For example, Mother failed to cooperate with the first two therapists assigned to her, delaying the delivery of effective individual therapy for over a year. Early in the proceeding, the Agency arranged for Mother to participate in a substance abuse treatment program, the Drug Abuse Alternatives Center, but Mother failed to take advantage of the program. In December 2013, Mother admitted herself into Casa Teresa, a residential substance abuse program, but she left three days later. It was not until March 2014 that Mother returned to Casa Teresa and stayed for three months.

As the foregoing discussion demonstrates, substantial evidence supports a conclusion that the Agency identified the problems leading to the children's detention and made available a reasonable range of services targeted to address those problems. Given the Agency's good faith effort, it cannot be held responsible for Mother's delay in taking advantage of the program designed for her. (*In re Ronell A.* (1996) 44 Cal.App.4th 1352, 1365.)

In contending reunification services were not adequate, Mother focuses on a single aspect of the reunification program, the second drug treatment program in which she participated, Casa Teresa, arguing the program was less effective for her than it otherwise might have been because it had a Spanish-speaking employee available only four days

---

[4] We grant the Agency's motion to augment the record with the six-month status review report, from which this information is taken.

4

per week. In reviewing the adequacy of reunification services, we are required to consider them as a whole. As discussed above, a wide range of services was arranged for Mother in an attempt to address the various problems identified by the Agency. Further, even if Casa Teresa was not as effective as it could have been, Mother remained at the program for three months, and it appears to have succeeded in helping her to cease her drug use. The flaw identified by Mother provides no basis for finding the entire plan of reunification services unreasonable.

## C. *Substantial Probability*

If reasonable reunification services have been provided, the juvenile court can continue services past the 12-month review hearing only if it finds "that there is a substantial probability that the child will be returned to the physical custody of his or her parent . . . and safely maintained in the home" before the expiration of 18 months from the date of detention. (§ 366.21, subd. (g)(1); *In re K.L.* (2012) 210 Cal.App.4th 632, 641.) Under section 366.21, to find a substantial probability of return, the juvenile court must determine that "the parent or legal guardian has consistently and regularly contacted and visited with the child"; "the parent or legal guardian has made significant progress in resolving problems that led to the child's removal from the home"; and "[t]he parent or legal guardian has demonstrated the capacity and ability both to complete the objectives of his or her treatment plan and to provide for the child's safety, protection, physical and emotional well-being, and special needs." (*Id.*, subd. (g)(1)(A)–(C).) These findings have been characterized as establishing "a very high hurdle for continuing the case beyond 12 months." (*A.H. v. Superior Court* (2010) 182 Cal.App.4th 1050, 1060.) We review the juvenile court's finding on this issue for substantial evidence. (*Kevin R. v. Superior Court* (2010) 191 Cal.App.4th 676, 688.)

Substantial evidence supports the juvenile court's finding that the children were unlikely to be returned to Mother within the two months remaining between the date of the 12-month hearing and the expiration of the 18-month period since their detention. There is no dispute she maintained consistent and regular contact with the children, but she had taken only the first steps toward "resolving [the] problems that led to the child's

5

removal from the home" by the time of the 12-month review hearing. (§ 366.21, subd. (g)(1)(B).) Mother appeared to be drug-free at the time of the hearing, but it was difficult to determine for how long. She consistently delayed appearing for drug testing until the day after the date requested, raising the possibility of evasion. At best, Mother stopped her substance abuse when she entered Casa Teresa for treatment, seven months prior to the 12-month review hearing. While Mother had completed parenting training, her first instructor concluded she had not demonstrated the ability to implement the training. The second instructor was quoted as saying merely that Mother was "aware of" the required skills. Her invented illnesses, sometimes inappropriate behavior with the children, and consistent refusal to acknowledge responsibility for the problems leading to the children's detention suggested a strong need for counseling, but Mother had not begun serious participation in therapy until shortly before the hearing. At that time, she had attended only a few sessions. Finally, Mother continued in her relationship with the presumed father, creating the risk of mutual drug relapse and further domestic violence.

Given the uncertainty surrounding Mother's sobriety and her limited progress in other areas of the reunification plan, there was no substantial probability the children would have been returned to Mother in a period of two months. Mother's argument to the contrary is based on a highly selective reading of the record that fails to account for our substantial evidence standard of review.

Mother's petition for an extraordinary writ is dismissed as to case No. 4227-DEP, concerning L.F. Mother's petition for an extraordinary writ is denied on the merits as to cases Nos. 4228-DEP and 4229-DEP, concerning R.F. and J.F. (See *Kowis v. Howard* (1992) 3 Cal.4th 888, 894.) The decision is final in this court immediately. (Cal. Rules of Court, rules 8.452(i), 8.490(b)(2)(A).)

_____
Margulies, Acting P.J.

We concur:


_____
Dondero, J.


_____
Banke, J.

7