Filed 6/16/15  P.P. v. Super. Ct. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| P. P.,<br><br>　　　Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　Respondent;<br><br>SAN FRANCISCO HUMAN SERVICES AGENCY,<br><br>　　　Real Party in Interest. | A144603<br><br>(San Francisco City & County Super. Ct. Nos. JD13-3223, JD13-3223A) |

**MEMORANDUM OPINION[1]**

The two children of petitioner P.P. (Mother), M.P., then seven years old, and J.P., four years old, were the subject of dependency petitions, filed August 19, 2013.  The petitions alleged Mother was unable to protect or supervise the children, had an extensive history of substance abuse, and was not capable of meeting the children's special needs. (Welf. & Inst. Code,[2] § 300, subds. (a), (b).)  The children were found to be dependents of the court, and reunification services were granted to Mother and the presumed father. Following a combined 12- and 18-month review hearing, the juvenile court entered an

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1(1), (3).

[2] All statutory references are to the Welfare and Institutions Code.

order terminating reunification services and finding that return of the children to the parents would create a substantial risk of detriment. A hearing pursuant to section 366.26 was scheduled for July 8, 2015.

On April 27, 2015, Mother filed a petition for an extraordinary writ in this court, seeking an order directing the juvenile court to return the children to her or, alternatively, vacate its order terminating reunification services and scheduling a section 366.26 hearing. Mother contends the juvenile court's finding that return of the children presents a substantial risk of detriment to them was not supported by substantial evidence.

The factual circumstances underlying Mother's claims of error are known to the parties and are summarized in Mother's petition.

### *Substantial Risk of Detriment*

At an 18-month hearing, "[a]fter considering the relevant and admissible evidence, the court shall order the return of the child to the physical custody of his or her parent or legal guardian unless the court finds, by a preponderance of the evidence, that the return of the child to his or her parent or legal guardian would create a substantial risk of detriment to the safety, protection, or physical or emotional well-being of the child." (§ 366.22, subd. (a).) "A substantial risk of detriment means that 'returning a child to parental custody represents some danger to the child's physical or emotional well-being.' " (*In re E.D.* (2013) 217 Cal.App.4th 960, 965.) In determining detriment, the juvenile court "can consider, among other things: . . . properly supported psychological evaluations which indicate return to a parent would be detrimental to a minor [citations]; whether the natural parent maintains relationships with persons whose presence will be detrimental to the ward [citation]; instability in terms of management of a home [citation]; . . . limited awareness by a parent of the emotional and physical needs of a child [citation]; failure of a minor to have lived with the natural parent for long periods of time [citation]; and the manner in which the parent has conducted himself or herself in relation to a minor in the past." (*Constance K. v. Superior Court* (1998) 61 Cal.App.4th 689, 704–705.) We review a juvenile court's finding of detriment for substantial evidence. (*In re B.S.* (2012) 209 Cal.App.4th 246, 252.)

2

Mother's argument is grounded in her laudable compliance with the reunification plan. Mother has an adequate income from disability benefits, kept the children clothed, housed, and fed while they were with her, and unquestionably loves them. Following their detention, Mother stopped drinking, attended therapy sessions and the various other programs suggested by the San Francisco Human Services Agency (Agency), and diligently visited with the children. There is no question she made strides in learning how to handle them. Contrary to her contention, however, a parent's compliance with the case plan, while important, does not guarantee the child will be returned. (*In re Jacob P.* (2007) 157 Cal.App.4th 819, 830.)

If her boys were typical children, Mother's compliance might have been enough. Unfortunately, both have special needs that pose a challenge for even the most skilled of caretakers. M.P. suffered from brain dysfunction at birth, the effects of which were compounded by a traumatic brain injury at eight months. As a result, M.P. finds it difficult or impossible to control his impulses, resulting in extremely aggressive and often violent behavior. At various times, he was reported to have bitten, kicked, and spat at teachers and children at school, threatened his therapist with a knife, run into traffic, stabbed himself and attempted to stab his foster parent with broken pens, attempted to urinate on another foster child, urinated on and thrown rocks at cars, kicked holes in the wall, thrown and broken things in the home of his foster family, and hit his head on the wall. Despite taking psychotropic medication, M.P. was hospitalized seven different times during the proceedings for psychiatric evaluation when his behavior became dangerous and uncontrolled. Although J.P. does not suffer from the same organic problems, he also has cognitive and speech delays and suffers from depression, auditory hallucinations, and suicidal thoughts. His behavior is at times similarly aggressive, violent, and uncontrolled, and he was also hospitalized once for evaluation. The boys' own behavior presents a serious risk of physical and emotional harm to themselves unless they are provided skillful care.

Even the boys' foster parent, a person specially trained in handling difficult children and with access to a dedicated support network, has had difficulty managing

3

them.  Mother, in contrast, has a limited support network, suffers from depression and cognitive impairments, and is at risk of falling back into alcohol abuse, as she appeared to have done prior to the 18-month hearing.  During visitation, Mother struggled to control the boys' behavior and was sometimes overwhelmed.  She had not progressed to unsupervised visits.  Further, Mother has tended to minimize the very real challenges faced by the boys.

In finding a substantial risk of detriment, the juvenile court cited the boys' extraordinary needs and Mother's inability to meet those needs, notwithstanding her diligent work with the Agency.  That reasoning was supported by substantial evidence.

Mother's petition for an extraordinary writ is denied on the merits.  (See *Kowis v. Howard* (1992) 3 Cal.4th 888, 894.)  The decision is final in this court immediately.  (Cal. Rules of Court, rules 8.452(i), 8.490(b)(2)(A).)

_____

Margulies, Acting P.J.

We concur:

_____

Dondero, J.

_____

Banke, J.