Filed 2/23/15  In re M.M. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re M.M., a Person Coming Under the Juvenile Court Law. | H041120 (Santa Cruz County Super. Ct. No. DP002844) |
| SANTA CRUZ COUNTY HUMAN SERVICES DEPARTMENT, Plaintiff and Respondent, v. J.M., Defendant; v. L.M., Objector and Appellant. | |

## I.    INTRODUCTION

M.M. is the child at issue in this juvenile dependency case.  At the jurisdiction/disposition hearing held on June 6, 2014, the juvenile court bypassed reunification services to her mother, J.M., and set a Welfare and Institutions Code

section 366.26[1] permanency planning hearing. At the June 6, 2014 hearing, the juvenile court also denied a number of section 388 petitions and a request for de facto parent status filed by the maternal grandmother, L.M.

The mother and the maternal grandmother both previously filed petitions for extraordinary writs seeking review of the juvenile court's orders at the June 6, 2014 hearing. This court denied those petitions in an opinion filed on September 11, 2014. (*J.M. v. Superior Court* (Sept. 11, 2014, H041083) [nonpub. opn.].)

The maternal grandmother also filed a notice of appeal following the June 6, 2014 hearing. The mother did not file a notice of appeal. In this opinion, we determine that the maternal grandmother lacks standing to raise claims on behalf of the mother, and that the law of the case doctrine precludes us from reconsidering the claims the maternal grandmother raises on behalf of herself. We will therefore dismiss the maternal grandmother's appeal as moot.

## II. FACTUAL AND PROCEDURAL BACKGROUND

We reviewed the facts and proceedings up to and including the section 366.26 hearing in detail in *J.M. v. Superior Court, supra,* H041083, at pages 2 through 11. We briefly summarize that background here.

On January 16, 2014, the Santa Cruz County Human Services Department (the Department) filed a petition under section 300, subdivisions (b) [failure to protect] and (g) [no provision for support], alleging that the child came within the jurisdiction of the juvenile court.[2] The child was less than one month old at the time, and she had been born while the mother was in jail. The mother had entrusted the maternal grandmother to care

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] A first amended section 300 petition was filed on February 11, 2014.

for the child while she was incarcerated, but the maternal grandmother had been arrested, so the child was taken into protective custody.

The maternal grandmother sought to have the child returned to her care, filing a section 388 petition and a De Facto Parent Statement. The maternal grandmother subsequently filed three more section 388 petitions.

The juvenile court held a combined hearing on jurisdiction/disposition and the maternal grandmother's pending petitions on June 6, 2014. By that time, the mother was in state prison. At that hearing, the juvenile court took jurisdiction, adjudged the child a dependent of the court, ordered that no reunification services be offered to the mother, denied the maternal grandmother's section 388 petitions, and denied the maternal grandmother's request for de facto parent status. The juvenile court set a section 366.26 hearing for October 2, 2014.

Following the June 6, 2014 hearing, the mother and the maternal grandmother both filed petitions for extraordinary writs seeking review of the juvenile court's orders. In her writ petition, the mother challenged the juvenile court's jurisdictional findings. The mother also claimed that a jurisdictional hearing and other hearings were held without her presence, that she was not allowed to present witnesses or evidence at the jurisdictional hearing, that a guardian ad litem should have been appointed for the child, that she did not expressly waive the reading and advisement of the section 300 petition, and that she should not have been denied reunification services on the basis of her violent felony conviction. This court found no merit to those arguments. (*J.M. v. Superior Court, supra,* H041083, pp. 12-19.)

In her writ petition, the maternal grandmother repeated some of the mother's claims. We explained that the maternal grandmother lacked standing to raise any issues on behalf of the mother. (*J.M. v. Superior Court, supra,* H041083, at p. 19; see *In re Aaron R.* (2005) 130 Cal.App.4th 697, 704-705 (*Aaron R.*).) We noted that to the extent the maternal grandmother was also challenging the denial of her section 388 petitions and

her request for de facto status, those orders would generally be reviewable only by appeal, not by writ. We nevertheless reviewed the orders relating to the maternal grandmother, in the exercise of our discretion, but we found no error. (*J.M. v. Superior Court, supra,* H041083, pp. 19-21.) As to the section 388 petitions, we determined that the maternal grandmother failed to show that there was " 'a substantial change in circumstances regarding the child's welfare' " or that the requested modification of the prior order was in the child's best interests. (*J.M. v. Superior Court, supra,* H041083, p. 20; see *In re Heraclio A.* (1996) 42 Cal.App.4th 569, 577.) As to the maternal grandmother's request for de facto parent status, we noted that most of the relevant factors did not support her request. (*J.M. v. Superior Court, supra,* H041083, pp. 20-21; see *In re Merrick V.* (2004) 122 Cal.App.4th 235, 256.)[3]

## III. DISCUSSION

In the present appeal, the maternal grandmother indicates the relief she seeks is the termination of jurisdiction and dismissal of the case.[4] She challenges the juvenile court's jurisdictional findings, indicates she does not believe that reunification services should have been bypassed pursuant to section 361.5, subdivision (b)(13), complains that the mother was not provided with visitation, and challenges the juvenile court's finding of detriment (see § 361.5, subd. (e)(1)). The maternal grandmother also contends the

---

[3] The record does not indicate what happened at the section 366.26 hearing set for October 2, 2014. However, the maternal grandmother's reply brief indicates that the mother's parental rights have been terminated and that there is an upcoming March 5, 2015 adoption hearing.

[4] The maternal grandmother states, in her opening brief: "I believe the correct and only thing that should be done is to terminate jurisdiction dismiss this case and reverse all orders back to the day the sheriff's actions constituted an unlawful seizure and with mother's permission re turn [*sic*] my granddaughter back to my care where I can continue to facilitate visitation to [the mother] and [the child] who can finally be reunited and begin the bonding process prior to going to the mother infant program."

4

juvenile court cannot terminate the parental rights of the mother and the father in separate hearings.[5]

Thus, the maternal grandmother appears to be challenging the juvenile court's orders that relate to the mother. As we explained in *J.M. v. Superior Court, supra,* H041083, at page 19, the only claims that the grandmother may raise relate to the petitions and motion that she filed on her own behalf; she lacks standing to raise any issues on behalf of the mother. (See *Aaron R., supra,* 130 Cal.App.4th at pp. 704-705.)

Although the maternal grandmother contends she was "the aggrieved party in this case," we have previously determined that the juvenile court did not abuse its discretion by denying the maternal grandmother's section 388 petitions or her request for de facto parent status. The maternal grandmother raises no new arguments concerning the denial of her section 388 petitions or her request for de facto parent status. Thus, as the Department asserts, the law of the case doctrine applies. "The law of the case doctrine states that when, in deciding an appeal, an appellate court 'states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal.' " (*Kowis v. Howard* (1992) 3 Cal.4th 888, 892-893.) The law of the case doctrine also applies when the appellate court decides a writ matter by a written opinion. (*Id.* at p. 894.)

In sum, the maternal grandmother's claims are all barred by her lack of standing and the law of the case doctrine. As no material issues remain for us to decide in this appeal, we will dismiss the appeal as moot.

### IV.    DISPOSITION

The appeal is dismissed as moot.

---

[5] It is unclear from the record whether any hearing has taken place on termination of parental rights. (See fn. 3, *ante*, p. 4.)

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
MIHARA, J.

_____
MÁRQUEZ, J.