Filed 8/28/23  Gdowski v. Tsang CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| DIANA GDOWSKI,<br><br>Plaintiff, Cross-defendant and Appellant,<br><br>v.<br><br>WAYNE K. TSANG et al., as Trustees, etc.,<br><br>Defendants, Cross-complainants and Respondents. | B312670, B314122<br><br>(Los Angeles County<br>Super. Ct. No. BC605329) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Michael P. Linfield, Judge.  Affirmed.

Cox, Castle & Nicholson and Stanley W. Lamport for Plaintiff, Cross-defendant and Appellant.

Hanger, Steinberg, Shapiro & Ash, Marc S. Shapiro and Christopher G. Kerr for Defendants, Cross-complainants and Respondents.

\* \* \* \* \* \* \* \* \* \*

This is the second appeal in this action involving a long-running dispute between neighboring property owners over the scope of a construction project.  Plaintiff, cross-defendant and appellant Diana Gdowski (plaintiff) owns property adjacent to property owned by defendants, cross-complainants and respondents Wayne K. Tsang and Bonni C. Ying (defendants).[1] The dispute began in 2011 when defendants obtained initial approval for a construction project on their property.

In the first appeal, we affirmed the denial of the parties' respective anti-SLAPP motions pursuant to Code of Civil Procedure section 425.16 (section 425.16).  (*Gdowski v. Tsang* (May 29, 2018, B280158) [nonpub. opn.].)  We concluded that, while both the first amended complaint and the cross-complaint discussed at length the permit process for defendants' construction project, those allegations were collateral to the primary allegations of wrongdoing made by the parties.  As relevant here, the allegations of wrongdoing in the cross-complaint focused on the *postpermit* construction phase of the project, and the allegations concerning the permit process simply provided context for the cross-claims that plaintiff thwarted the timely completion of defendants' project by her behavior *after* a modified permit was obtained.  Neither pleading arose from free speech or petitioning activity within the meaning of section 425.16.

Following remand, the case proceeded to a bench trial.  The court granted defendants' motion for nonsuit on the complaint.

---

[1]     Defendants hold title to their property as trustees of The Tsang Family Trust.  We refer to Mr. Tsang, his wife Ms. Ying and their trust collectively as defendants.

On the cross-complaint, the court found in favor of defendants on their nuisance claim and awarded damages in the amount of $128,500. Plaintiff appeals from the judgment. She contends the trial court erred in failing to grant a nonsuit in her favor on the cross-complaint.

We affirm.

We deny plaintiff's request that we take judicial notice of the briefs, the transcription of oral argument, and our tentative opinion in the previous appeal, *Gdowski, supra,* B280158, as they are irrelevant. We grant the request to take judicial notice of the trial court's amended judgment. On our own motion, we take judicial notice of our filed opinion in the previous appeal, *Gdowski, supra,* B280158.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and defendants are neighbors in the City of Palos Verdes Estates (City). Plaintiff's property is located downslope from defendants' larger parcel with the boundary line between the two properties running along defendants' rear yard. There is a history of drainage issues between the properties dating back to at least 1995 when plaintiff experienced flooding on her property due, at least in part, to surface and subsurface water flows from defendants' property. (*Gdowski*, *supra*, B280158.)

In early 2011, defendants sought approval from the City to proceed with a large-scale remodeling project on their property. The project called for demolition of the existing home, construction of a new home, and significant grading and other changes to the rear yard, including the addition of a swimming pool. (*Gdowski*, *supra*, B280158.)

The City gave initial approval to defendants' project in June 2011. The City's Neighborhood Compatibility Ordinance

3

required that plaintiff be given notice and an opportunity for input on the project. Plaintiff, with the assistance of a civil engineer, raised objections, both formally and informally, to defendants and with the City, primarily focused on the impact the project would have on the drainage problems between the properties. (*Gdowski*, *supra*, B280158.)

After plaintiff appealed the initial approvals to the City Council, the parties negotiated a resolution that allowed plaintiff and her civil engineer to review and comment on the drainage plans. In 2012, the parties agreed to and signed off on the drainage plans, which incorporated changes requested by plaintiff. Defendants thereafter received all necessary approvals from the City to proceed with their project. (*Gdowski*, *supra*, B280158.)

By 2015, most of the construction of defendants' new home was complete. Defendants sought and obtained a modification of their permit. After receiving notice from the City of the approved modification, plaintiff raised objections with defendants. (*Gdowski*, *supra*, B280158.)

Plaintiff believed the modifications made substantial changes to the drainage plans that had been agreed to in 2012. Defendants asserted the changes were minor and did not negatively impact plaintiff's property. The parties were unable to resolve their differences, which led to plaintiff filing this action in December 2015. (*Gdowski*, *supra*, B280158.)

Defendants appeared in the action and filed a cross-complaint for declaratory relief, fraud and nuisance. They alleged their project was being completed in conformity with the City-approved permit and the parties' agreement, and that they had done everything possible to address plaintiff's concerns about

4

the drainage issues. The nuisance claim was based on allegations that plaintiff had "engaged in a calculated and relentless campaign to harass" them and delay their project. Defendants alleged, among other things, that plaintiff unilaterally contacted and harassed their architect and the construction workers, yelling at them over the backyard fence, directing them to make changes, otherwise interfering with their work, and regularly threatening litigation if they did not comply with her demands. (*Gdowski*, *supra*, B280158.)

In November 2016, plaintiff and defendants filed anti-SLAPP motions pursuant to section 425.16. After briefing and oral argument, the court denied both motions, concluding that neither party had met the initial movant's burden of showing that the claims arose from protected activity within the meaning of section 425.16. (*Gdowski*, *supra*, B280158.)

We affirmed. With respect to defendants' cross-complaint, we said that while defendants recited the facts related to the permit process in some detail, those facts were collateral to their primary allegations of wrongdoing against plaintiff which were based on actions she took at the property during the construction phase of the project. (*Gdowski*, *supra*, B280158.)

On remand, the case was set for a bifurcated bench trial. In February 2020, the court heard evidence on the complaint. After plaintiff rested her case-in-chief, the court granted a nonsuit in defendants' favor.

Trial on the bifurcated cross-complaint did not occur until February 2021 due largely to delays occasioned by the COVID-19 pandemic. The parties submitted trial briefs in lieu of opening statements. In her brief, plaintiff argued she could not be held liable for any conduct or statements made in connection with the

5

City's permit approval process because such conduct was privileged under Civil Code section 47, subdivision (b). Plaintiff also sought an in limine order limiting defendants' proof to statements and conduct that occurred after the final permit modification in 2015, arguing that the doctrines of law of the case and judicial estoppel required it. The court denied the motion, telling plaintiff it understood her argument, but that it believed plaintiff should make appropriate trial objections when and if defendants offered evidence that plaintiff believed was privileged.

Three witnesses testified during the trial of the cross-complaint: plaintiff, defendant Wayne Tsang, and defendants' general contractor, Rick Tomaro. After defendants rested, plaintiff made an oral motion for nonsuit pursuant to Code of Civil Procedure section 631.8. The court granted plaintiff's motion on the third cause of action for fraud but denied it as to the second cause of action for nuisance. At the conclusion of evidence, the court heard argument and took the matter under submission.

The next day, February 3, 2021, the court denied plaintiff's request for a written statement of decision on the ground that trial on the cross-complaint had taken less than eight hours over the course of two days. The court orally stated its ruling on the record. Defendants voluntarily dismissed the first cause of action for declaratory relief as moot. The court found in favor of defendants on the nuisance claim. The court awarded damages in the amount of $128,500. Plaintiff filed written objections to the court's decision, including that the court was ambiguous about what conduct by plaintiff constituted a nuisance. The court declined to hold a hearing on plaintiff's objections. Judgment was entered on March 12, 2021.

This appeal followed.

## DISCUSSION

Plaintiff contends the trial court erred in failing to grant her request, pursuant to Code of Civil Procedure section 631.8, for nonsuit on defendants' nuisance cause of action. She argues the trial court disregarded the binding effect of our decision in *Gdowski*, *supra*, B280158 under the law of the case doctrine, abused its discretion in failing to apply judicial estoppel to prevent defendants from asserting a new theory at trial, and improperly predicated her liability for nuisance on speech and petitioning activities privileged by Civil Code section 47, subdivision (b).

An order denying a motion for judgment pursuant to Code of Civil Procedure section 631.8 is appealable from the judgment. In arguing the trial court should have granted her motion for nonsuit on the cross-complaint, plaintiff has not raised any substantial evidence challenge. Rather, she has raised only three legal issues which we review de novo. (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981 ["In reviewing a judgment based upon a statement of decision following a bench trial, we review questions of law de novo."].) We reject each of plaintiff's contentions.

### 1. Law of the Case

"The law of the case doctrine states that when, in deciding an appeal, an appellate court 'states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal.'" (*Kowis v. Howard* (1992) 3 Cal.4th 888, 892-893; accord, *Hotels Nevada, LLC v. L.A. Pacific Center, Inc.*

7

(2012) 203 Cal.App.4th 336, 356-357; *Aghaian v. Minassian* (2021) 64 Cal.App.5th 603, 612.) The doctrine applies "even where the appeal is from a decision short of a full trial, including a judgment on a demurrer, a nonsuit order or denial of an anti-SLAPP motion. [Citation.] However, 'the doctrine of law of the case does not prevent retrial of an issue, although it does require that the same conclusion be reached if that matter is retried on the same evidence.' " (*Hotels Nevada, LLC,* at p. 356.)

In the first appeal, we said: "defendants' cross-complaint sets forth in some detail the background facts related to the project, beginning with the initial planning phase in 2008 and continuing through the permit proceedings from 2011 through 2015. These allegations merely provide context for the claims. The cross-claims are based on alleged statements and misrepresentations that plaintiff made after the modified permit was obtained in 2015 and which allegedly thwarted the timely completion of defendants' project. [¶] It may be true that similar statements were made by plaintiff during the permit proceedings, but the cross-complaint is based on conduct occurring thereafter, conduct and statements by plaintiff that took place at the property during the construction. Defendants seek damages for verbal interference with the construction work and for disturbing their quiet enjoyment of the property; conduct which does not fall within the anti-SLAPP statute." (*Gdowski*, *supra*, B280158.)

Plaintiff says the law of the case doctrine strictly limited the scope of admissible evidence on the nuisance claim to evidence that she engaged in actionable conduct at defendants' property after the 2015 permit modification was approved. Plaintiff overstates the binding effect of our decision in the first appeal. Nothing about our decision resolved any question

8

regarding the admissibility of evidence during trial on the merits nor purported to limit the scope of what evidence was permissible.  The only law of the case stated in our previous opinion was that none of the parties' claims arose from protected activities under the anti-SLAPP statute.

During trial, defendants conceded they did not offer evidence of plaintiff yelling at their contractors or otherwise harassing them at the property, which was a significant part of the allegations in their cross-complaint.  But our decision in the first appeal did not preclude defendants from presenting evidence that plaintiff engaged in other unprivileged behavior, over the entire course of the project, that thwarted and delayed its timely completion and otherwise unreasonably interfered with defendants' use and enjoyment of their property.  Nothing in our prior opinion precluded them from offering such evidence to prove up their claim.

## 2.    Judicial Estoppel

The doctrine of judicial estoppel seeks to prevent litigants from taking inconsistent positions on an issue at different stages in a proceeding.  (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 377.)  It "serves to maintain fairness and judicial integrity." (*Ibid*.)  Judicial estoppel applies when " '(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.' " (*Aguilar v. Lerner* (2004) 32 Cal.4th 974, 986-987.)  While the doctrine serves an important purpose, its application is discretionary.  (*Id*. at p. 986;

9

accord; *Lee v. West Kern Water Dist.* (2016) 5 Cal.App.5th 606, 630 [doctrine of judicial estoppel is equitable in nature " 'and its application, even where all necessary elements are present, is discretionary' "].)

Plaintiff says the court erred by not finding that defendants were estopped to assert a new nuisance theory at trial that was directly at odds with the theory they argued to defeat her SLAPP motion. She says defendants successfully argued in the trial court, and in this court during the first appeal, that their nuisance claim was based only on activity that occurred at defendants' property, like harassing the contractors, and that allegations related to the permit process were only for context. Therefore, plaintiff argues, defendants should have been estopped from taking a contrary position at trial; she contends defendants took a contrary position when they conceded they had no evidence of plaintiff harassing anyone at the property and rested their case on evidence of plaintiff's lawful participation in the permit process.

Plaintiff mischaracterizes defendants' arguments and evidence. Defendants did not advocate inconsistent positions. (*Jackson v. County of Los Angeles* (1997) 60 Cal.App.4th 171, 182 ["[I]t is well established that, for the doctrine [of judicial estoppel] to apply, the seemingly conflicting positions 'must be clearly inconsistent so that one necessarily excludes the other.' "].) And our previous opinion did not rest on a finding that the nuisance cause of action in the cross-complaint required proof at trial that plaintiff made harassing demands and threats to defendants and their contractors. We found that defendants sought damages for interference with the construction work and for disturbing their quiet enjoyment of the property, conduct which did not fall within

10

the anti-SLAPP statute; we made no finding that had any estoppel effect concerning the scope of admissible evidence at trial.

### 3. Litigation Privilege

The court made extensive findings of fact and conclusions of law regarding plaintiff's liability for nuisance in an oral statement of decision that spanned 17 pages of reporter's transcript. Plaintiff argues the trial court "predicated liability on constitutionally protected speech and activity that is privileged under Civil Code [section] 47(b)." In her opening brief on appeal, under the heading "The Trial Court Wrongly Found Ms. Gdowski Liable Based on Protected Activity," plaintiff summarizes select portions of the court's oral statement of decision, with citations to only seven pages of the court's 17-page statement of decision. Plaintiff has forfeited this argument. " 'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' " (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153 (*United Grand*).)

At oral argument, plaintiff's counsel asked us to consider pages 30 through 35 of her opening brief where, under a different topic heading, she cited additional pages of the trial court's statement of decision. Appellants are required to " 'present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass.' " (*United Grand, supra*, 36 Cal.App.5th at p. 153.) We have exercised our discretion to consider those additional citations, even though they were not provided to us in the portion of the

11

brief where she argued the trial court erred by making findings of fact based on protected activity. We found plaintiff cited five additional pages of reporter's transcript on which the court made fact findings. Thus, plaintiff, in disjointed fashion, cited to 12 pages of the court's 17-page oral statement of decision.

Plaintiff does not provide record citations showing that she objected to any of this evidence when it was offered at trial. Plaintiff had filed a motion in limine to exclude evidence of any conduct she claimed was privileged or protected activity related to the permit process, but the court denied the motion and told her to object to specific questions she believed called for privileged information. Plaintiff has not demonstrated she did so. Our review of the record reveals that plaintiff objected one time on this basis during the testimony of Mr. Tsang. The court overruled the objection, explaining that the testimony being elicited did not concern any privileged conduct. Plaintiff does not contend on appeal the court erred by overruling her single objection to the admission of evidence she now claims was privileged. Having failed to object to any other testimony that was admitted without objection, plaintiff has forfeited any contention that this evidence should have been excluded. (Evid. Code, § 353.)

To the extent plaintiff argues that the court could consider any of the conduct she contends was privileged for purposes of context but that it erred by predicating her liability on it, plaintiff has failed to present any persuasive argument with citation to legal authorities that the conduct was in fact protected by the litigation privilege, or more appropriately here, the official proceeding privilege of Civil Code section 47, subdivision (b).

12

Plaintiff appears to argue that any and all conduct that occurred from the time defendants sought their permit in 2011 to the time of the last minor permit modification in 2015 was cloaked with privilege, irrespective of where it occurred or whether it could properly be deemed communicative in nature. Plaintiff has cited no law that supports such an expansive interpretation of the privilege. "Because the litigation privilege protects only publications and communications, a 'threshold issue in determining the applicability' of the privilege is whether the defendant's conduct was communicative or noncommunicative. [Citations.] The distinction between communicative and noncommunicative conduct hinges on the gravamen of the action. [Citations.] That is, the key in determining whether the privilege applies is whether the injury allegedly resulted from an act that was communicative in its essential nature." (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1058.) Plaintiff cites legal authorities discussing the litigation privilege generally or for the proposition that it is broadly applied, but she has not demonstrated with analysis based on the law and the factual record that it was error as a matter of law for the trial court to have admitted any of the evidence it recited in its decision on the merits.

Plaintiff's argument also ignores altogether the extensive findings of fact and conclusions of law the court made in 17 pages of reporter's transcript, instead parsing out findings made in portions of the transcript. Among the findings that plaintiff fails to mention in her brief are the following: "The court recognizes that [plaintiff's] participation in the neighborhood compatibility process is a protected activity." "Certainly some of [plaintiff's] actions were protected. Her going before the planning commission. Her participation in the neighborhood compatibility

13

meetings. Her going before the city council. Her appealing the planning commission's ruling." "The Court is not basing its ruling today on activities or statements that [plaintiff] made during the public accountability process or to the planning commission or to the city council."

For all these reasons, plaintiff forfeited her claim the court based its finding of liability on privileged facts.

## DISPOSITION

The judgment in favor of Wayne K. Tsang, Bonni C. Ying and The Tsang Family Trust is affirmed. Wayne K. Tsang, Bonni C. Ying and The Tsang Family Trust shall recover costs of appeal.

GRIMES, Acting P. J.

WE CONCUR:

WILEY, J.

VIRAMONTES, J.

14